**Larry James RAKESTRAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–551–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 2, 1989.

Discretionary Review Refused
May 10, 1989.

Ken McLean, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a judgment denying a pre-trial application for writ of habeas corpus based on a claim of former jeopardy. We affirm.

Appellant raises a single point of error, contending the trial court erred by denying his claim of former jeopardy. He seeks to bar prosecution under an information charging him with driving while his license was suspended. TEX.REV.CIV.STAT.ANN. art. 6687b, § 34. Appellant previously entered a guilty plea to the offense of driving while intoxicated. It is undisputed that both offenses arose out of the same event. Appellant asserts that allowing him to be prosecuted for driving while his license was suspended would subject to him to double jeopardy in violation of TEX.CONST. art. 1, § 14 and U.S. CONST. amends 5 and 14.

Appellant does not present any authorities which directly support his contention that an accused cannot be prosecuted for both driving while license suspended and driving while intoxicated when both offenses arise out of the same event. His basis for this argument is that both offenses share a common essential element.

In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court stated,

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the

other does not. 284 U.S. at 304, 52 S.Ct. at 182.

Driving while license is suspended and driving while intoxicated are different offenses each of which require proof of an additional fact which the other does not. In the first it must be proven that an accused's Texas operator's license was suspended at the time of the offense. In the second, the State must prove an accused was intoxicated at the time of the offense.

Although *Blockburger* is not the final word on the subject of double jeopardy, *Ex parte Crosby,* 703 S.W.2d 683 (Tex.Crim. App.1986) and *January v. State,* 732 S.W. 2d 632 (Tex.Crim.App.1987), fail to support appellant's contention.

In *Crosby,* the applicants were each charged twice for aggravated robbery arising out of the same event. Applicants broke into a residence and caused bodily injury to both W.H. Thurston and Mary Alice Thurston. Only W.H. Thurston was robbed. The Court of Criminal Appeals held that, since there was only one underlying theft, it was a violation of double jeopardy to prosecute the applicants for the aggravated robbery of both W.H. Thurston and Mary Alice Thurston separately. 703 S.W.2d at 685. There the Court held the *Blockburger* test did not apply because " 'two distinct statutory provisions' are not involved." *Id.* Here two distinct statutory provisions *are* clearly involved, Tex.REV. CIV.STAT.ANN. art. 6687b, § 34, and TEX. REV.CIV.STAT.ANN. art. 6701*l*–1. *Crosby* is, therefore, not applicable here.

In *January v. State,* 732 S.W.2d 632 (Tex.Crim.App.1987), the Court of Criminal Appeals endorsed the reasoning of the Corpus Christi Court of Appeals with respect to double jeopardy in *January v. State,* 695 S.W.2d 215 (Tex.App.—Corpus Christi 1985). In *January* it was held to be double jeopardy to subject the defendant to prosecution for both attempted capital murder and aggravated kidnapping where both offenses arose out of the same event. 695 S.W.2d at 215. *January* is distinguishable in that proof of aggravated kidnapping was an essential prerequisite to proving the offense of attempted capital murder. After appellant had already been tried for aggravated kidnapping, in order to prove appellant was also guilty of attempted capital murder, the State had to prove the *same* offense of aggravated kidnapping before proving additional facts which would constitute attempted murder. Proof of the kidnapping was essential to both prosecutions. Here proof of driving while intoxicated is not necessary for proving the offense of driving while license is suspended.

In *May v. State,* 726 S.W.2d 573 (Tex. Crim.App.1987), the Court of Criminal Appeals held that the prohibition against double jeopardy was violated where, after the defendant was prosecuted for involuntary manslaughter, the State sought to try him for driving while intoxicated as well. There again, the State was required to prove violation of one statutory offense, as a prelude to proving another. *May* is thus also distinguishable.

Appellant relies upon *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), where the United States Supreme Court held,

> where ... a person has been tried and convicted for a crime which has various *incidents* included in it, he cannot be a second time tried for one of those *incidents* without being twice put in jeopardy for the same offense. 131 U.S. at 188, 9 S.Ct. at 676. (emphasis supplied.)

While the Supreme Court did not there define the term "incident", the Court of Criminal Appeals implicitly did so in *Ex parte Peterson,* 738 S.W.2d 688 (Tex.Crim. App.1987).

In *Peterson,* the State attempted to try the applicant for involuntary manslaughter after he had already been convicted for driving while intoxicated. The two offenses arose out of the same event. The Court of Criminal Appeals held the second prosecution was barred (738 S.W.2d at 691), noting that both prosecutions required proof of a common "factual incident"— "driving upon a public roadway while intoxicated." *Id.* The Court held,

> Given the record before us, it is clear that the State intends to relitigate the issue of driving while intoxicated. This

it cannot do ... It is clear from the record that the State, at least under the present indictment, will find it necessary to prove that appellant was driving in an intoxicated condition or to rely on conduct necessarily involving that conviction. *Id.*

The instant case is clearly distinguishable. It is not necessary for the State to prove the same factual incident again. While both offenses share the common element of driving on a public highway, they are sufficiently distinguishable. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.