The STATE of Texas, Appellant,

v.

David James MARSHALL, Appellee.

No. 05–91–00258–CR.

Court of Appeals of Texas, Dallas.

July 22, 1991.

Rehearing Overruled Sept. 6, 1991.

Gary A. Udashen, Dallas, for appellant.
Sue Korioth, Dallas, for appellee.

Before ENOCH, C.J., and LAGARDE and MALONEY, JJ.

## OPINION

LAGARDE, Justice.

The State of Texas appeals the trial court's order granting David James Marshall relief under a pretrial writ of habeas corpus. In a single point of error, the State contends that the trial court erroneously granted relief under the writ on double jeopardy grounds. We agree. Accordingly, we reverse the trial court's order. We hold that the State is not barred from prosecuting cause number F88–90590 in the 291st District Court of Dallas County. We vacate the trial court's order and remand this cause to the trial court for trial.

On November 11, 1988, Marshall, while intoxicated, was driving an automobile when it collided with Brian Scott Carpen-

ter's motorcycle, injuring Carpenter. As a result, the State charged Marshall with driving while intoxicated ("DWI"), enhanced under article 6701*l*–1(f) of the Texas Revised Civil Statutes, and with failure to stop and render aid ("FSRA"). The misdemeanor DWI charge was filed in County Criminal Court No. 4 of Dallas County. The felony FSRA charge was filed in the 291st District Court of Dallas County. Marshall pleaded guilty to the DWI charge on January 28, 1991. The trial court sentenced him to sixty-three days' confinement and a $600 fine. Thereafter, Marshall filed an application for a pretrial writ of habeas corpus in the 291st District Court claiming that the Texas[1] and U.S.[2] Constitutions' prohibitions against double jeopardy barred his FSRA prosecution. The trial court granted Marshall relief under the writ and entered an order specifically barring his FSRA prosecution.

The constitutional prohibition of double jeopardy consists of three separate guarantees: (1) "It protects against a second prosecution for the same offense after acquittal. [ (2) I]t protects against a second prosecution for the same offense after conviction. [ (3) ] And it protects against multiple punishments for the same offense." *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1989) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted)); *Ex parte Peterson,* 738 S.W.2d 688, 689 (Tex.Crim.App. 1987). Marshall asserts that the second and third double jeopardy protections set out above bar the State from prosecuting him on the FSRA charges.

### Multiple Punishments

■ We address whether the Double Jeopardy Clause's third prohibition, against multiple punishments, precludes Marshall's FSRA prosecution. The controlling test in determining whether Marshall's potential conviction for FSRA would subject him to multiple punishments for the "same offense" is set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180,

182, 76 L.Ed. 306 (1932). *Blockburger* provides:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* The *Blockburger* test is simply a "rule of statutory construction," a guide to determining whether the legislature intended multiple punishments. *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2091, 109 L.Ed.2d 548 (1990) (quoting *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)). The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Crim.App.1982), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). At trial there may be substantial overlap in the proof of each offense; however, it is the separate statutory elements of each offense which must be examined under this test. *Brown v. Alabama,* 619 F.2d 376, 378 (5th Cir.1980).

Marshall's DWI information alleges that on or about November 11, 1988, he:

> [D]id then and there drive and operate a motor vehicle in a public place in Dallas County, Texas, to-wit: a street and highway, while intoxicated, in that the defendant did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, into defendant's body, and defendant had an alcohol concentration of at least 0.10, and as a direct result of this offense, to-wit: by colliding with said complainant, caused serious bodily injury to Brian Carpenter, the victim.

*See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1991). Marshall's FSRA indictment alleges that on or about November 11, 1988, Marshall:

> [D]id unlawfully while the driver of and in control of an automobile and while

1. TEX. CONST. art. I, § 14.

2. U.S. CONST. amends. V and XIV.

operating and controlling the said automobile, did [sic] strike Brian Scott Carpenter, hereinafter called complainant, with the said automobile and did thereby injure the person of complainant, and the said defendant, did then and there knowingly and intentionally fail to stop and render to the said complainant all reasonable assistance, and did then and there knowingly and intentionally fail to stop and carry and fail to make arrangements for the carrying of the said complainant to a physician and surgeon and hospital for medical and surgical treatment which appeared necessary by reason of the said injury received as aforesaid.

*See* TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 38 & 40 (Vernon 1977 & Supp.1991).

■ The State asserts, and Marshall concedes, that each offense requires proof of a statutory element not required by the other. A DWI conviction requires proof that Marshall was "intoxicated." *See* TEX.REV. CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp. 1991). A FSRA conviction requires proof that Marshall knowingly and intentionally failed to stop and render aid or failed to carry the complainant to medical assistance. *See* TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 38 & 40 (Vernon 1977 & Supp. 1991). Hence, DWI and FSRA each requires proof of a fact that the other does not. The *Blockburger* test does not bar imposition of multiple punishments under these circumstances.

■ Marshall contends that, although the charged offenses do not violate the *Blockburger* test, the "unique history of Texas jurisprudence calls for a different result than that strictly mandated by *Blockburger*." He asserts that, because Texas's original DWI and FSRA statutes pre-dated Texas's abolition of "the carving doctrine" in double jeopardy analysis, the legislature did not intend to permit punishment for each offense when the offenses arose from one transaction. *See Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Crim. App.1982), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982) (abolishing the carving doctrine in Texas). We disagree. The legislature has had ample opportunity to amend or alter the DWI and FSRA statutes since Texas's abolition of the carving doctrine. Moreover, we have found no Texas case supporting Marshall's position that a different multiple-punishments double jeopardy analysis is required for statutes in effect prior to Texas's abolition of the carving doctrine. Finally, we find no authority for Marshall's contention that Texas's Constitutional prohibition against multiple punishments for the "same offense" is broader than that guarantee under the Double Jeopardy Clause of the U.S. Constitution.

We hold that the double jeopardy protections of the United States and Texas Constitutions do not preclude Marshall's punishment for both DWI and FSRA.

### Multiple Prosecutions

■ We now turn to the primary issue in this appeal: under the indictment and information presented in this case, are DWI and FSRA the "same offense" for purposes of a successive-prosecutions double jeopardy analysis? The parties focus on the recent Supreme Court case of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). According to *Grady*, a double jeopardy analysis of whether successive prosecutions impermissibly involve the "same offense" must extend beyond rote application of the "elements of the offense" test enunciated in *Blockburger*. *See, e.g., Grady*, 110 S.Ct. at 2093 ("a technical comparison of the elements of the two offenses as required by *Blockburger* does not protect defendants sufficiently from the burdens of multiple trials"); *see also Brown v. Ohio*, 432 U.S. 161, 166–67 n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187 (1977); *Harris v. Oklahoma*, 433 U.S. 682, 682–83, 97 S.Ct. 2912, 2912–13, 53 L.Ed.2d 1054 (1977); *Ex parte Ramos*, 806 S.W.2d 845, 847 (Tex.Crim.App.1991); *Ex parte Peterson*, 738 S.W.2d at 690; *May v. State*, 726 S.W.2d 573, 576 (Tex.Crim.App.1987). The *Blockburger* test is still the starting point in double jeopardy analysis. *Ex parte Ramos*, 806 S.W.2d at 847. However, even if a *Blockburger* comparison of the elements of proof reveals statutes suf-

ficiently different to permit imposition of *multiple punishments, "successive prosecutions* will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *See Ex parte Peterson,* 738 S.W.2d at 690 (emphasis added) (quoting *Brown,* 432 U.S. at 166–67 n. 6, 97 S.Ct. at 2226 n. 6). Consequently, the term "same offense" as used in relation to the second guarantee of double jeopardy protection cannot be determined by applying the meaning of the term "same offense" as used in relation to the third guarantee of double jeopardy protection. *January v. State,* 695 S.W.2d 215, 222 (Tex. App.—Corpus Christi 1985), *aff'd and opinion adopted,* 732 S.W.2d 632 (Tex. Crim.App.1987).

Having determined that Marshall's prosecution for FSRA is not barred under the traditional *Blockburger* test, we must determine whether, in this case, DWI and FSRA constitute the "same offense" for purposes of a successive-prosecutions double jeopardy analysis. Our difficulty lies in defining the term "same offense" and in deciding exactly what analysis, beyond *Blockburger,* is required. We examine Supreme Court authority and Texas authority.

#### a. Supreme Court authority

■ The Supreme Court has used several terms to explain when a successive prosecution is for the "same offense." *See Grady,* 110 S.Ct. at 2093 ("Double Jeopardy Clause bars subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will *prove conduct that constitutes an offense* for which the defendant has already been prosecuted") (emphasis added); *Brown,* 432 U.S. at 166 n. 6, 97 S.Ct. at 2226 n. 6 (second prosecution barred when it requires *"relitigation of factual issues"* resolved in the first prosecution) (emphasis added); *In re Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889) (when first prosecution is for a crime which has "various incidents in it," the defendant may not subsequently be

tried for one of those *incidents* ) (emphasis added). Despite the Supreme Court's inconsistent wording, its analyses of the Double Jeopardy Clause's protection against multiple prosecutions are consistent. The Supreme Court examines not only the statutes defining the offenses, but also the charges which form the basis of the governments's prosecution in the case. *Garrett v. United States,* 471 U.S. 773, 786, 105 S.Ct. 2407, 2415, 85 L.Ed.2d 764 (1985). The Supreme Court focuses its analyses on whether the statutes and the charges pending against the defendant *require* the State to twice prove conduct *constituting an offense. See Grady,* 110 S.Ct. at 2087 ("We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted."); *Illinois v. Vitale,* 447 U.S. 410, 420–21, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980) ("because Vitale has already been *convicted for conduct that is a necessary element* of the more serious crime for which he has been charged, his claim of double jeopardy would be substantial") (emphasis added); *Harris,* 433 U.S. at 683, 97 S.Ct. at 2913 (to obtain a conviction for felony murder, State was required to prove "all the ingredients" of the underlying felony of robbery with firearms); *Brown,* 432 U.S. at 169, 97 S.Ct. at 2227 (prosecution for joyriding, a lesser included offense of auto theft, barred prosecution for auto theft). The test, stated another way, is: does *conduct constituting an offense for which the defendant has been convicted* comprise an *essential element* of the successively prosecuted offense? If so, the defendant is being prosecuted twice for the "same offense" as prohibited by the second guarantee of the Double Jeopardy Clause.

In *Grady,* the defendant veered his automobile across a double yellow centerline and hit a car in the opposite lane of traffic head-on. *Grady,* 110 S.Ct. at 2087. The driver of the car hit by the defendant died as a result of injuries from the accident. The defendant pleaded guilty to two traffic

tickets for misdemeanor driving while intoxicated and failing to keep to the right of the median. The State of New York subsequently attempted to prosecute him for reckless manslaughter, second-degree vehicular manslaughter, criminally negligent homicide, third-degree reckless assault and driving while intoxicated. *Id.* at 2089. At some point, the State conceded that the driving while intoxicated and vehicular manslaughter charges were barred under State law pursuant to a strict *Blockburger* test. The issue presented to the Supreme Court was whether criminally negligent homicide and third-degree reckless assault were the "same offenses" as the traffic offenses for purposes of a multiple-prosecutions double jeopardy analysis. The Supreme Court reviewed a bill of particulars filed by the State and noted that the State intended to prove the *offenses* of driving while intoxicated and veering across the median in the subsequent prosecution. The Court emphasized that "[b]y its own pleadings, the State has admitted that it will prove *the entirety of the conduct* for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to *establish essential elements* of the homicide and assault offenses." *Id.* 110 S.Ct. at 2094 (emphasis added). Accordingly, the prosecutions were barred by double jeopardy. However, the Court recognized that, if the State chose to prove recklessness or negligence only by evidence that the defendant was driving too fast in heavy rain, the defendant's prosecution for reckless manslaughter and third-degree assault would not be barred because driving too fast in heavy rain was not an offense for which the defendant had been previously convicted. *Id.* at 2094.

Supreme Court decisions prior to *Grady* also focus on whether conduct for which the defendant has already been convicted constitutes an essential element of the subsequently prosecuted offense. In *Illinois v. Vitale*, the defendant was convicted on charges of failure to reduce speed to avoid a collision. *Illinois*, 447 U.S. at 421, 100 S.Ct. at 2267–68. The State then attempted to prosecute him for involuntary manslaughter. The Supreme Court noted that if the State "relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution." *Id.* at 421, 100 S.Ct. at 2267. The Supreme Court in *Harris v. Oklahoma* held that when conviction of a greater crime cannot be had without conviction of the lesser crime the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. *Harris*, 433 U.S. at 683, 97 S.Ct. at 2913.

### b. Texas authority

The Texas Court of Criminal Appeals likewise applies the term "same offense" in a successive-prosecutions double jeopardy analysis to mean that the State will be required to again prove conduct, constituting an offense, for which the defendant has previously been convicted. *See Ex parte Ramos*, 806 S.W.2d at 847; *Ex parte Peterson*, 738 S.W.2d at 691; *May*, 726 S.W.2d at 576–77; *January v. State*, 732 S.W.2d 632 (Tex.Crim.App.1987), *adopting*, 695 S.W.2d 215 (Tex.App.—Corpus Christi 1985). In *Ex parte Ramos*, the State charged Ramos with burglary of a habitation with the intent to commit sexual assault and with sexual assault. A jury convicted Ramos of burglary of a habitation with the intent to commit sexual assault. Ramos subsequently pleaded guilty to sexual assault. He filed a post-conviction writ of habeas corpus asserting that his sexual assault conviction was void based on the Double Jeopardy Clause's prohibition against multiple prosecutions. The Court of Criminal Appeals, holding that double jeopardy did not void Ramos's sexual assault conviction, stated:

We must look at the underlying conduct to determine whether: (1) this is conduct constituting an offense (hence, 'criminal conduct'); (2) the defendant has already been prosecuted for this offense; and (3) this 'criminal conduct' will be used to establish an *essential element* of the offense charged at the subsequent prosecution. Only if the conduct meets all three

parts of this test will the latter prosecution be barred by double jeopardy.

*Id.* (emphasis original). *Ex parte Ramos* further clarified multiple-prosecutions double jeopardy law by overruling *Garcia v. State*[3] to the extent it conflicted with *Ramos*'s holding that the Double Jeopardy Clause's prohibition against multiple prosecutions is triggered only when conduct, comprising an offense for which the defendant has been previously convicted, constitutes an essential element of the subsequent prosecution. *See Ex parte Ramos,* 806 S.W.2d at 848 ("[t]o the extent that *Garcia v. State,* supra, is in conflict, it is expressly overruled").

In *Ex parte Peterson,* the defendant pleaded guilty to DWI and was convicted. Subsequently, the State attempted to prosecute the defendant for involuntary manslaughter. After setting forth the elements of involuntary manslaughter, the involuntary manslaughter indictment alleged that the defendant drove and operated a motor vehicle in a public place while intoxicated. 738 S.W.2d at 691. Recognizing that the involuntary manslaughter indictment "clearly shows that the State will rely on and seek to prove ... the same 'reckless act' of driving while intoxicated that was necessary to prove the lesser DWI charge," the Court of Criminal Appeals concluded the defendant's prosecution for involuntary manslaughter was barred by double jeopardy. However, the Court of Criminal Appeals specifically limited its holding to the facts and indictments before it. *Id.* ("Finding the present indictment *as worded* places appellant in jeopardy for the same offense ... [A]ppellant is entitled to the relief prayed for.") (emphasis added). In *Ex parte Peterson,* if the State was able to prove involuntary manslaughter, without also proving that appellant was DWI, double jeopardy would not bar the defendant's subsequent prosecution for involuntary manslaughter. *Id.* In *May v. State,* the Court of Criminal Appeals emphasized the "same offense" test to be applied in subsequent prosecution double jeopardy cases when *Blockburger* is not dispositive:

Thus the record, including charging instruments, judgment of conviction for involuntary manslaughter and habeas testimony, demonstrates that appellant has been convicted of a crime having several elements included it [sic] and is now facing a trial for a lesser offense consisting *solely* of one or more of the elements of the crime for which she has already been convicted.

*May,* 726 S.W.2d at 577 (emphasis added). Because the second prosecution of the defendant required the State to prove conduct constituting an offense for which the defendant had been previously convicted, double jeopardy barred the prosecution.

In a case factually similar to this case, the First Court of Appeals affirmed the trial court's denial of habeas corpus relief and found that double jeopardy did not preclude the defendant's prosecution for DWI after he was convicted of FSRA. *Ex parte McCullough,* 746 S.W.2d 29 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). Despite the fact that the prosecutor's jury argument in the FSRA case emphasized the defendant's intoxication at the time of the accident, the First Court held that double jeopardy did not bar the defendant's subsequent prosecution for DWI. The First Court stated:

In our case, the State is not required to prove any ultimate issue in its DWI case that it was necessarily required to prove in the FSRA case. The fact that in the FSRA trial appellant was shown to be intoxicated when he drove his car into another car and left the scene of the accident does not preclude the State from subsequently trying its DWI case any more than it would have had the first offense been murder with the evidence showing that appellant was intoxicated when he committed the act.

. . . .

We have found no case that holds that presenting proof of conduct which is not an essential element of the offense charged would preclude the prosecution of the same conduct on the trial of an

---

**3.** 806 S.W.2d 835 (Tex.Crim.App.1990).

offense for which the conduct is an essential element.

*Ex parte McCullough,* 746 S.W.2d at 31–32.

The Fourteenth Court of Appeals determined that a defendant's guilty plea and conviction for DWI did not bar his subsequent prosecution for driving while his license was suspended even though the two offenses arose from the same event. *Rakestraw v. State,* 765 S.W.2d 873 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). The Fourteenth Court rejected the appellant's argument that because the two offenses shared a "common essential element," driving on a public roadway, double jeopardy barred relitigation of that factual element. *Id.* at 873. The Court affirmed the trial court's denial of habeas corpus relief to the appellant.

### c. Application of law to facts

■ We now apply the above Texas and Federal case law to the present case. Neither the FSRA statute nor the FSRA indictment in this case requires the State to prove that Marshall was intoxicated at the time of the accident. *See* TEX.REV.CIV.STAT. ANN. art. 6701d, §§ 38 & 40 (Vernon 1977 & Supp.1991). Conversely, neither the DWI statute nor the DWI information required the State to prove Marshall's failure to carry the complainant to receive medical treatment. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l* –1 (Vernon Supp.1991). The fact that the two offenses share some common elements does not mean that the common elements *constitute an offense* as required by *Grady.* *See Grady,* 110 S.Ct. at 2093 ("Double Jeopardy Clause bars subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct that constitutes an offense* for which the defendant has already been prosecuted.") (emphasis added). The FSRA charge simply does not require the State to prove conduct constituting an *offense* for which Marshall has been previously convicted. Although in the FSRA case the State must prove some of the elements of the DWI conviction: that Marshall was driving an automobile, that he struck the complainant, and that the complainant was injured, these elemental facts alone do not *constitute an offense for which Marshall has been previously convicted.* Unless the State is required to prove every element of DWI, including Marshall's intoxication, as a prerequisite to a conviction in the FSRA charge, the successive prosecutions are not for the "same offense" as defined under the Double Jeopardy Clause's second guarantee. *See Grady,* 110 S.Ct. at 2093; *Illinois v. Vitale,* 447 U.S. at 420–21, 100 S.Ct. at 2267–68; *Harris v. Oklahoma,* 433 U.S. at 683, 97 S.Ct. at 2913; *Ex parte Ramos,* 806 S.W.2d at 847; *Ex parte Peterson,* 738 S.W.2d at 691; *May v. State,* 726 S.W.2d at 576–77; *Ex parte McCullough,* 746 S.W.2d at 31.

Marshall asserts that his "conduct" was driving an automobile and striking the complainant. He argues that "intoxication" was merely his "status" at the time of the accident, not his "conduct." He argues that *Ex parte Ramos* precludes proof of the same "conduct" in a subsequent prosecution. Therefore, he concludes that in the FSRA case the State will rely on the same "conduct," *i.e.,* driving an automobile and striking and injuring the complainant, for which he has already been convicted. We disagree. We decline to engage in a semantical argument addressing whether "intoxication" was Marshall's "status" or his "conduct" at the time of the accident. That inquiry is neither helpful nor relevant. The crucial point is that proof of Marshall's driving the automobile and striking the complainant, without proof of his intoxication, is not an *offense* for which Marshall has been previously convicted. Contrary to Marshall's assertion, *Ex parte Ramos* does not support his position that intoxication was his "status" not his "conduct."

The Court in *Ex parte Ramos* held that Ramos's subsequent conviction for sexual assault did not violate the Double Jeopardy Clause's multiple-prosecutions prohibition despite Ramos's previous conviction for burglary of a habitation with the intent to commit sexual assault that arose from the same incident. 806 S.W.2d at 847–48. The Court noted that, even if the sexual assault

prosecution required proof that Ramos had the intent to commit sexual assault, intent does not constitute an offense. *Id.* Double jeopardy did not bar Ramos's prosecution because the sexual assault did not require proof of conduct *constituting an offense* for which Ramos had been previously convicted. *Id.*

In this FSRA case, the State will be required to "reprove" only that Marshall drove a car and hit and injured the complainant. The State is not required to prove intoxication or that Marshall operated his car while he was intoxicated. The overlapping conduct the State is required to "reprove" in the FSRA case does not constitute *an offense for which Marshall has been prosecuted.*

A sister court recently recognized the distinction between the phraseology "element of the offense" and "conduct that constitutes an offense" as those phrases are used in successive-prosecutions double jeopardy analysis. *See State v. Garcia,* 810 S.W.2d 240, 241 (Tex.App.—El Paso 1991, no pet.). In *Garcia,* the appellee made an argument very similar to Marshall's "conduct" argument. The appellee, who had been convicted of running a red light, asserted that double jeopardy barred his subsequent DWI prosecution because the State would reprove his "conduct" in "driving a vehicle." *Id.* at 241. Rejecting the appellee's argument, the El Paso Court emphasized that "driving a vehicle," although an element of both running a red light and DWI, did not constitute an *offense* for which the appellee had been convicted. *Id.* at 241 (emphasis added). Analyzing *Grady,* the court stated, "Driving was a common element, but *illegal* driving (i.e. driving while intoxicated and failure to drive to the right of the median, as units of criminal conduct) was the conduct constituting an offense or offenses which had already been prosecuted." *Id.* at 241 (emphasis original).

Similarly, in *Rakestraw,* the defendant pleaded guilty to DWI. *Rakestraw,* 765 S.W.2d at 873. The State subsequently sought to prosecute him for driving while his license was suspended. The Four-teenth Court found that the second prosecution was not barred by double jeopardy because the offenses merely had a common element: driving an automobile. Applying Marshall's analogy to the *Rakestraw* facts, the subsequent prosecution for driving while his license was suspended should have been barred because not having a license is simply a "status," not overt, objective conduct by the defendant. The fact that intoxication involves no *objective* conduct by Marshall at the time of the accident has no bearing on the fact that it is an element of DWI which must be proved by the State to obtain a DWI conviction. Logically, Marshall will not be placed twice in jeopardy by successive trials because the State is not required in the second trial to "reprove" the first offense, but is required to "reprove" only conduct that by itself does *not* constitute an offense and for which Marshall has *not* been convicted. Because the State is not required to "reprove" the offense of DWI as a prerequisite to obtaining a FSRA conviction, the second guarantee of the Double Jeopardy Clause does not bar Marshall's prosecution for FSRA. *See Garcia,* 810 S.W.2d at 241.

Finally, we note that this is an appeal from the trial court's granting of relief under a *pretrial* writ of habeas corpus. We do not, as the Court of Criminal Appeals in *Ex parte Ramos* did, have the benefit of the record from the subsequent prosecution, here, the FSRA trial. We decline to speculate whether the outcome of an appeal from the FSRA conviction, if any, could differ based on proof actually admitted at the subsequent trial. We hold that, on the record before us, the State is not required to prove, as an essential element of the FSRA prosecution, conduct constituting an offense for which Marshall has been previously convicted.

Because the trial court should not have granted Marshall's habeas corpus relief or barred prosecution of the FSRA case, we sustain the State's point of error. We hold that the State is not barred from prosecuting Marshall on the FSRA indictment in cause number F88–90590. We reverse and remand to the trial court with instructions to that court to vacate its order granting

Marshall habeas corpus relief. We remand this cause to the trial court for trial.