Jerald Allan JACOBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–00441–CR.

Court of Appeals of Texas,
Dallas.

Jan. 17, 1992.

Terence A. Russell, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before LAGARDE, KINKEADE and CHAPMAN, JJ.

## OPINION

LAGARDE, Justice.

In one point of error, Jerald Allan Jacobs appeals from the trial court's denial of his motion to dismiss on double-jeopardy grounds. The State raises a counterpoint that this appeal should be dismissed for want of jurisdiction under rule 40(b)(1) of the Texas Rules of Appellate Procedure. We affirm the trial court's judgment and overrule the State's counterpoint.

### FACTUAL BACKGROUND

Appellant was arrested for and pleaded guilty to driving while intoxicated (DWI) enhanced by an allegation of serious bodily

injury to Robert Embry, a passenger in appellant's car. Subsequently, Embry died and appellant was indicted for involuntary manslaughter. After the trial court denied appellant's pretrial motion to dismiss on double-jeopardy grounds, appellant, pursuant to a plea bargain, pled nolo contendere to involuntary manslaughter. This appeal followed.

## LEGAL ANALYSIS

### A. Jurisdiction

■ The State argues that this appeal should be dismissed for want of jurisdiction because appellant's notice of appeal failed to comply with the mandatory requirements of rule 40(b)(1) of the Texas Rules of Appellate Procedure.[1] Appellant's notice of appeal does not comply with this rule because it simply states that he "gives notice of appeal." Thus, the State contends that appellant is barred from appealing any non-jurisdictional defects.

Recently, the Court of Criminal Appeals addressed this very issue. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990). In *Jones*, the Court held that, once a notice of appeal has been filed in any non-death penalty case, the Court of Appeals has obtained jurisdiction of that cause under article V, section 6 of the Texas Constitution. *Jones*, 796 S.W.2d at 186. Rule 40(b)(1) is a restrictive rule in that it regulates the extent of the grounds upon which a defendant can appeal. If the defendant wishes to appeal a non-jurisdictional matter, then he must conform to the requirements of the rule. *Id.*

In this case, appellant did file a notice of appeal. Through this act, we obtained jurisdiction. However, because he did not conform to rule 40(b)(1), we can only address jurisdictional defects. A double-jeopardy attack raises a jurisdictional defect. *Harrison v. State*, 721 S.W.2d 904, 905 (Tex.App.—Dallas 1986), *rev'd and re-*

*manded on other grounds*, 767 S.W.2d 803 (Tex.Crim.App.1989). Accordingly, we address the merits of this appeal and overrule the State's counterpoint.

### B. Merits of Double–Jeopardy Claim

■ Appellant contends that the trial court erred in denying his motion to dismiss the involuntary manslaughter prosecution on double-jeopardy grounds. Specifically, he argues that his earlier plea to DWI barred the subsequent indictment for involuntary manslaughter.

The constitutional prohibition against double jeopardy consists of three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim. App.1987). Appellant asserts that the second double-jeopardy protection set out above bars the State from prosecuting him on the involuntary manslaughter charge.

■ The primary issue in this appeal is whether, under the information and indictment involved in this case, DWI and involuntary manslaughter are the "same offense" for purposes of a successive-prosecution double-jeopardy analysis.

The test enunciated by the Supreme Court in *Blockburger v. United States*[2] is the starting point in a double-jeopardy analysis. *Ex parte Ramos*, 806 S.W.2d 845, 847 (Tex.Crim.App.1991). *Blockburger* provides:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

---

**1.** Rule 40(b)(1) provides:
> In order to prosecute an appeal for a non-jurisdictional defect or error that occurred prior to entry of the plea the notice [of appeal] shall state that the trial court granted permission to appeal or shall specify that

those matters were raised by written motion and ruled on before trial.
Tex.R.App.P. 40(b)(1).

**2.** 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. The *Blockburger* test is satisfied if each statutory offense requires proof of a fact that the other does not. *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex. Crim.App.1982), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982).

Appellant's DWI information alleges that on or about October 17, 1990, he:

> [D]id then and there drive and operate a motor vehicle in a public place in Dallas, County, Texas, to-wit: a street and highway, while intoxicated, in that the defendant did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, into defendant's body, and defendant had an alcohol concentration of at least 0.10, and as a direct result of this offense, to-wit: by colliding his vehicle with a earth ditch and caused vehicle to flip right to top and eject victim, and caused serious bodily injury to Robert Embry, the victim.

*See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1991). Appellant's involuntary manslaughter indictment alleges that on or about October 17, 1990, appellant:

> [D]id then and there recklessly cause the death of an individual, Robert Dean Embry, to wit: the said Jerald Allan Jacobs, while then and there driving and operating a motor vehicle on the streets and highways of Dallas County, Texas did then and there fail to maintain a single lane of traffic and did then and there drive at a speed unsafe for the conditions then existing, thereby causing the death of his passenger, Robert Dean Embry, who was ejected from the vehicle when the defendant hit a ditch.

*See* Tex.Penal Code Ann. § 19.05(a)(1) (Vernon 1974). Each of these two offenses requires proof of a statutory element not required by the other. A DWI conviction requires proof that appellant was "intoxicated." *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1991). An involuntary manslaughter conviction requires proof that appellant acted "recklessly" and

"cause[d] the death of an individual." *See* Tex.Penal Code Ann. § 19.05(a)(1) (Vernon 1974). Thus, because DWI and involuntary manslaughter each requires proof of a different element, the *Blockburger* test is satisfied.

■ Our analysis does not end here. The United States Supreme Court held in *Grady v. Corbin* that we must now go beyond a rote application of the "elements of the offense" test enunciated in *Blockburger. Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990); *State v. Marshall,* 814 S.W.2d 789, 792 (Tex.App.—Dallas 1991, pet. filed). We must determine whether DWI and involuntary manslaughter constitute the "same offense" for purposes of a successive-prosecution double-jeopardy analysis. The test is: does *conduct constituting an offense for which the defendant has been convicted* comprise an *essential element* of the successively prosecuted offense? *Grady,* 110 S.Ct. at 2093; *Marshall,* 814 S.W.2d at 793. If so, then the defendant is being prosecuted twice for the "same offense" as prohibited by the second guarantee of the double-jeopardy clause. *Marshall,* 814 S.W.2d at 793. The mere act of driving so as to cause an accident, is not, by itself "conduct which constitutes an offense" and, thus, does not result in the *Grady* double-jeopardy bar. *See Marshall,* 814 S.W.2d at 794.

■ Here, the State did not rely on the fact of appellant's intoxication in order to establish his guilt of involuntary manslaughter. Instead, the State alleged that appellant recklessly caused the victim's death while operating a motor vehicle by failing to maintain a single lane of traffic and driving at an unsafe speed. Because the information and indictment rely on different conduct for the two offenses, we hold that double jeopardy did not bar the prosecution for involuntary manslaughter. *Cf. Ex parte Peterson,* 738 S.W.2d at 691 (double jeopardy barred subsequent prosecution for involuntary manslaughter following initial charge of DWI because the State alleged that the defendant drove and

operated a motor vehicle in a public place while intoxicated).

Because the trial court properly denied appellant's motion to dismiss on double-jeopardy grounds, we overrule appellant's point of error and affirm the trial court's judgment.