NO. 07-01-0198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 30, 2002

_____


FRANCAS M DAVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 94-418618; HONORABLE SAM MEDINA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Francas M Davila pled guilty to the offense of robbery and, pursuant to a plea bargain agreement, was sentenced to five years confinement in the Institutional Division of the Department of Criminal Justice, probated for three years. The trial court, upon application by the State, subsequently revoked appellant's probation and sentenced her to four years confinement. In one issue, appellant now claims that the trial court erred

in overruling her motion for new trial because she has been subjected to double jeopardy.

The basis of her complaint is that, prior to her conviction for robbery, she had pled guilty to aggravated robbery and, as the result of a plea bargain, was sentenced to ten years confinement, probated for ten years. After the State filed a motion to revoke her probation, she filed an original application for writ of habeas corpus on the basis that the trial judge had no authority to grant her probation and therefore the original judgment was void. The State agreed with the application, and it was granted. Thereafter, appellant pled guilty to robbery as set forth above.

Appellant argues that jeopardy attaches in a non-jury trial when the first witness is sworn and, because she was sworn and testified with respect to the aggravated robbery conviction, she cannot be tried again. Therefore, she claims, her conviction of robbery for the same incident is unlawful.

The State responds initially by contending that we have no jurisdiction to consider this appeal. This is so, the State argues, because appellant does not attack the order revoking her probation, but is actually attacking the underlying conviction for which her only remedy is to pursue a habeas corpus action. Moreover, appellant pled guilty to the underlying offense and, since the punishment did not exceed the recommendation by the prosecution, appellant was required to comply with article 44.02 of the Code of Criminal Procedure, which she failed to do by filing only a general notice of appeal.

2

A defendant can raise on appeal from a revocation proceeding an error in the original plea hearing if the error renders the original judgment void. *Nix v. State*, 65 S.W.3d 664, 668 (Tex.Crim.App. 2001). The court in *Nix* listed situations in which a judgment of conviction for a crime is void: 1) the document purporting to be a charging instrument does not satisfy the constitutional requirements, (2) the trial court lacks subject matter jurisdiction over the offense charge, (3) the record shows there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, although he has not waived that right. *Id.* The State argues that this case does not involve a void judgment because it does not fall within one of the four situations articulated in *Nix.* Nevertheless, we note that the court did not state that it was an exclusive list, although it did state that it was close to being exclusive. *Id.*

Appellant must necessarily allege that her conviction for the offense of robbery is void because she has already been prosecuted for that crime. It has been held that a claim of double jeopardy is a jurisdictional claim that is not waived by a guilty plea. *Luna v. State*, 985 S.W.2d 128, 130 (Tex.App.--San Antonio 1998, pet. ref'd); *Courtney v. State*, 904 S.W.2d 907, 910 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd); *Jacobs v. State*, 823 S.W.2d 749, 750 (Tex.App.--Dallas 1992, no pet.); *but see Berrios-Torres v. State*, 802 S.W.2d 91, 94 (Tex.App.--Austin 1990, no pet.).

However, article 44.02 of the Code of Criminal Procedure provides:

3

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. . . . .

Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Further, Rule 25.2 of the Rules of Appellate Procedure provides:

(b)(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3). The notice of appeal in this instance did not assert any of the required elements. Nevertheless, a general notice of appeal is sufficient to confer jurisdiction on the court to consider jurisdictional complaints. *Sankey v. State,* 3 S.W.3d

43, 44 (Tex.Crim.App. 1999);[1] *Doubrava v. State*, 28 S.W.3d 148, 150 n.1 (Tex.App.--Eastland 2000, pet. ref'd).

Therefore, we will consider appellant's claim on the merits. The fifth amendment prohibition against double jeopardy protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Ex parte Ward,* 964 S.W.2d 617, 624 (Tex.Crim.App.), *cert. denied,* 525 U.S. 823, 119 S.Ct. 66, 142 L.Ed.2d 52 (1998). The issue of double jeopardy was not raised in this case in writing until the motion for new trial was filed, which has been held not to be an appropriate time to first raise the issue. *See Galloway v. State*, 420 S.W.2d 721, 723 (Tex.Crim.App. 1967); *Waldie v. State*, 923 S.W.2d 152, 157 (Tex.App.--Beaumont 1996, no pet.); *but see Muncy v. State*, 505 S.W.2d 925 (Tex.Crim.App. 1974).

However, even if we consider that appellant's complaint may be raised at any time as she contends, the trial court found the punishment and plea in her conviction of aggravated robbery to be void. The court also allowed appellant to withdraw her guilty plea and entered a plea of not guilty for her. The case was then called to trial, and appellant pled guilty to the lesser-included offense of robbery. At the time this occurred, if a court granted probation in a case without the authority to do so, the sentence was void,

---

[1] This case holds that in plea-bargained cases, a general notice of appeal allows the court of appeals to consider only voluntariness of the plea or jurisdictional issues. However, a court of appeals may no longer consider voluntariness of the plea. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex.Crim.App. 2001).

*Heath v. State*, 817 S.W.2d 335, 339 (Tex.Crim.App. 1991),[2] and a void conviction will not bar re-prosecution for the same offense. *Hoang v. State*, 872 S.W.2d 694, 698 (Tex.Crim.App. 1993), *cert. denied,* 115 S.Ct. 177, 130 L.Ed.2d 112 (1994). Therefore, the trial court did not abuse its discretion in denying appellant's motion for new trial. Appellant's issue is overruled.

Finding no error, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.

---

[2]The Court of Criminal Appeals has since held that the granting of community supervision is not a sentence, and that a defendant is not entitled to habeas corpus relief when he received probation to which he was not entitled. *Ex parte Williams*, 65 S.W.3d 656, 657-58 (Tex.Crim.App. 2001).