NO. 07-01-0198-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2002



______________________________




FRANCAS M DAVILA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 94-418618; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Francas M Davila pled guilty to the offense of robbery and, pursuant to
a plea bargain agreement, was sentenced to five years confinement in the Institutional
Division of the Department of Criminal Justice, probated for three years. The trial court,
upon application by the State, subsequently revoked appellant's probation and sentenced
her to four years confinement. In one issue, appellant now claims that the trial court erred
in overruling her motion for new trial because she has been subjected to double jeopardy. 
 The basis of her complaint is that, prior to her conviction for robbery, she had pled
guilty to aggravated robbery and, as the result of a plea bargain, was sentenced to ten
years confinement, probated for ten years. After the State filed a motion to revoke her
probation, she filed an original application for writ of habeas corpus on the basis that the
trial judge had no authority to grant her probation and therefore the original judgment was
void. The State agreed with the application, and it was granted. Thereafter, appellant pled
guilty to robbery as set forth above. 

 Appellant argues that jeopardy attaches in a non-jury trial when the first witness is
sworn and, because she was sworn and testified with respect to the aggravated robbery
conviction, she cannot be tried again. Therefore, she claims, her conviction of robbery for
the same incident is unlawful.

 The State responds initially by contending that we have no jurisdiction to consider
this appeal. This is so, the State argues, because appellant does not attack the order
revoking her probation, but is actually attacking the underlying conviction for which her
only remedy is to pursue a habeas corpus action. Moreover, appellant pled guilty to the
underlying offense and, since the punishment did not exceed the recommendation by the
prosecution, appellant was required to comply with article 44.02 of the Code of Criminal
Procedure, which she failed to do by filing only a general notice of appeal.

 A defendant can raise on appeal from a revocation proceeding an error in the
original plea hearing if the error renders the original judgment void. Nix v. State, 65
S.W.3d 664, 668 (Tex.Crim.App. 2001). The court in Nix listed situations in which a
judgment of conviction for a crime is void: 1) the document purporting to be a charging
instrument does not satisfy the constitutional requirements, (2) the trial court lacks subject
matter jurisdiction over the offense charge, (3) the record shows there is no evidence to
support the conviction, or (4) an indigent defendant is required to face criminal trial
proceedings without appointed counsel, although he has not waived that right. Id. The
State argues that this case does not involve a void judgment because it does not fall within
one of the four situations articulated in Nix. Nevertheless, we note that the court did not
state that it was an exclusive list, although it did state that it was close to being exclusive. 
Id. 

 Appellant must necessarily allege that her conviction for the offense of robbery is
void because she has already been prosecuted for that crime. It has been held that a
claim of double jeopardy is a jurisdictional claim that is not waived by a guilty plea. Luna
v. State, 985 S.W.2d 128, 130 (Tex.App.--San Antonio 1998, pet. ref'd); Courtney v. State,
904 S.W.2d 907, 910 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd); Jacobs v. State, 823
S.W.2d 749, 750 (Tex.App.--Dallas 1992, no pet.); but see Berrios-Torres v. State, 802
S.W.2d 91, 94 (Tex.App.--Austin 1990, no pet.). 

 However, article 44.02 of the Code of Criminal Procedure provides:

 A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has
been convicted upon either his plea of guilty or plea of nolo contendere
before the court and the court, upon election of the defendant, assesses
punishment and the punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his
attorney may prosecute his appeal, he must have permission of the trial
court, except on those matters which have been raised by written motion filed prior to trial. . . . .


Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Further, Rule 25.2 of the Rules of
Appellate Procedure provides:

 (b)(3) But if the appeal is from a judgment rendered on the defendant's plea
of guilty or nolo contendere under Code of Criminal Procedure article 1.15,
and the punishment assessed did not exceed the punishment recommended
by the prosecutor and agreed to by the defendant, the notice must: 


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or


 (C) state that the trial court granted permission to appeal. 


Tex. R. App. P. 25.2(b)(3). The notice of appeal in this instance did not assert any of the
required elements. Nevertheless, a general notice of appeal is sufficient to confer
jurisdiction on the court to consider jurisdictional complaints. Sankey v. State, 3 S.W.3d
43, 44 (Tex.Crim.App. 1999); (1) Doubrava v. State, 28 S.W.3d 148, 150 n.1 (Tex.App.--
Eastland 2000, pet. ref'd). 

 Therefore, we will consider appellant's claim on the merits. The fifth amendment
prohibition against double jeopardy protects against a second prosecution for the same
offense after acquittal, a second prosecution for the same offense after conviction, and
multiple punishments for the same offense. Ex parte Ward, 964 S.W.2d 617, 624
(Tex.Crim.App.), cert. denied, 525 U.S. 823, 119 S.Ct. 66, 142 L.Ed.2d 52 (1998). The
issue of double jeopardy was not raised in this case in writing until the motion for new trial
was filed, which has been held not to be an appropriate time to first raise the issue. See
Galloway v. State, 420 S.W.2d 721, 723 (Tex.Crim.App. 1967); Waldie v. State, 923
S.W.2d 152, 157 (Tex.App.--Beaumont 1996, no pet.); but see Muncy v. State, 505 S.W.2d
925 (Tex.Crim.App. 1974). 

 However, even if we consider that appellant's complaint may be raised at any time
as she contends, the trial court found the punishment and plea in her conviction of
aggravated robbery to be void. The court also allowed appellant to withdraw her guilty
plea and entered a plea of not guilty for her. The case was then called to trial, and
appellant pled guilty to the lesser-included offense of robbery. At the time this occurred,
if a court granted probation in a case without the authority to do so, the sentence was void,
Heath v. State, 817 S.W.2d 335, 339 (Tex.Crim.App. 1991), (2) and a void conviction will not
bar re-prosecution for the same offense. Hoang v. State, 872 S.W.2d 694, 698
(Tex.Crim.App. 1993), cert. denied, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994). Therefore, the
trial court did not abuse its discretion in denying appellant's motion for new trial. 
Appellant's issue is overruled.

 Finding no error, we affirm the judgment of the trial court. 


 John T. Boyd

 Chief Justice


Do not publish.
1. This case holds that in plea-bargained cases, a general notice of appeal allows the
court of appeals to consider only voluntariness of the plea or jurisdictional issues. 
However, a court of appeals may no longer consider voluntariness of the plea. See
Cooper v. State, 45 S.W.3d 77, 83 (Tex.Crim.App. 2001). 
2. The Court of Criminal Appeals has since held that the granting of community
supervision is not a sentence, and that a defendant is not entitled to habeas corpus relief
when he received probation to which he was not entitled. Ex parte Williams, 65 S.W.3d
656, 657-58 (Tex.Crim.App. 2001).