BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-05-0374-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 6, 2005


______________________________


 

JOSE MARTINEZ RODRIGUEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 95-419,903; HON. CECIL PURYEAR, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Jose Martinez Rodriguez (appellant) appeals his conviction for delivery of marijuana. 
The clerk's record was filed on November 9, 2005. The court reporter requested an
extension of time to file the reporter's record because appellant had yet to make
arrangements for its payment. The motion was granted, and the deadline was extended 
to December 19, 2005. On November 17, 2005, we also directed appellant's counsel to
certify to the clerk of this court whether appellant had complied with Texas Rules of
Appellate Procedure 34.6(b)(1) and 35.3(b)(3). The certification was due by November 28,
2005. To date, no response has been received.

 Consequently, we abate the appeal and remand the cause to the 137th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal; and

 

 2. whether appellant is indigent and entitled to a free record.

 

 If appellant is found to be neither indigent nor entitled to a free record, his continued
failure to arrange for payment of the reporter's record will result in his appeal being
dismissed for want of prosecution. See Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.
App.-Amarillo 1998, pet. ref'd). We further direct the trial court to issue findings of fact and
conclusions of law addressing the foregoing subjects. Furthermore, the trial court shall
also cause to be developed 1) a supplemental clerk's record containing the findings of fact
and conclusions of law and 2) a reporter's record transcribing the evidence and argument
presented at the aforementioned hearing. Additionally, the trial court shall cause the
supplemental clerk's record to be filed with the clerk of this court on or before January 5,
2005. Should additional time be needed to perform these tasks, the trial court may request
same on or before January 6, 2005. Finally, the deadline by which the reporter's record
is due is extended to January 5, 2005.

 It is so ordered.

 Per Curiam

Do not publish.



orting to be a charging
instrument does not satisfy the constitutional requirements, (2) the trial court lacks subject
matter jurisdiction over the offense charge, (3) the record shows there is no evidence to
support the conviction, or (4) an indigent defendant is required to face criminal trial
proceedings without appointed counsel, although he has not waived that right. Id. The
State argues that this case does not involve a void judgment because it does not fall within
one of the four situations articulated in Nix. Nevertheless, we note that the court did not
state that it was an exclusive list, although it did state that it was close to being exclusive. 
Id. 

 Appellant must necessarily allege that her conviction for the offense of robbery is
void because she has already been prosecuted for that crime. It has been held that a
claim of double jeopardy is a jurisdictional claim that is not waived by a guilty plea. Luna
v. State, 985 S.W.2d 128, 130 (Tex.App.--San Antonio 1998, pet. ref'd); Courtney v. State,
904 S.W.2d 907, 910 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd); Jacobs v. State, 823
S.W.2d 749, 750 (Tex.App.--Dallas 1992, no pet.); but see Berrios-Torres v. State, 802
S.W.2d 91, 94 (Tex.App.--Austin 1990, no pet.). 

 However, article 44.02 of the Code of Criminal Procedure provides:

 A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has
been convicted upon either his plea of guilty or plea of nolo contendere
before the court and the court, upon election of the defendant, assesses
punishment and the punishment does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant and his
attorney may prosecute his appeal, he must have permission of the trial
court, except on those matters which have been raised by written motion filed prior to trial. . . . .


Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). Further, Rule 25.2 of the Rules of
Appellate Procedure provides:

 (b)(3) But if the appeal is from a judgment rendered on the defendant's plea
of guilty or nolo contendere under Code of Criminal Procedure article 1.15,
and the punishment assessed did not exceed the punishment recommended
by the prosecutor and agreed to by the defendant, the notice must: 


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written
motion and ruled on before trial; or


 (C) state that the trial court granted permission to appeal. 


Tex. R. App. P. 25.2(b)(3). The notice of appeal in this instance did not assert any of the
required elements. Nevertheless, a general notice of appeal is sufficient to confer
jurisdiction on the court to consider jurisdictional complaints. Sankey v. State, 3 S.W.3d
43, 44 (Tex.Crim.App. 1999); (1) Doubrava v. State, 28 S.W.3d 148, 150 n.1 (Tex.App.--
Eastland 2000, pet. ref'd). 

 Therefore, we will consider appellant's claim on the merits. The fifth amendment
prohibition against double jeopardy protects against a second prosecution for the same
offense after acquittal, a second prosecution for the same offense after conviction, and
multiple punishments for the same offense. Ex parte Ward, 964 S.W.2d 617, 624
(Tex.Crim.App.), cert. denied, 525 U.S. 823, 119 S.Ct. 66, 142 L.Ed.2d 52 (1998). The
issue of double jeopardy was not raised in this case in writing until the motion for new trial
was filed, which has been held not to be an appropriate time to first raise the issue. See
Galloway v. State, 420 S.W.2d 721, 723 (Tex.Crim.App. 1967); Waldie v. State, 923
S.W.2d 152, 157 (Tex.App.--Beaumont 1996, no pet.); but see Muncy v. State, 505 S.W.2d
925 (Tex.Crim.App. 1974). 

 However, even if we consider that appellant's complaint may be raised at any time
as she contends, the trial court found the punishment and plea in her conviction of
aggravated robbery to be void. The court also allowed appellant to withdraw her guilty
plea and entered a plea of not guilty for her. The case was then called to trial, and
appellant pled guilty to the lesser-included offense of robbery. At the time this occurred,
if a court granted probation in a case without the authority to do so, the sentence was void,
Heath v. State, 817 S.W.2d 335, 339 (Tex.Crim.App. 1991), (2) and a void conviction will not
bar re-prosecution for the same offense. Hoang v. State, 872 S.W.2d 694, 698
(Tex.Crim.App. 1993), cert. denied, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994). Therefore, the
trial court did not abuse its discretion in denying appellant's motion for new trial. 
Appellant's issue is overruled.

 Finding no error, we affirm the judgment of the trial court. 


 John T. Boyd

 Chief Justice


Do not publish.
1. This case holds that in plea-bargained cases, a general notice of appeal allows the
court of appeals to consider only voluntariness of the plea or jurisdictional issues. 
However, a court of appeals may no longer consider voluntariness of the plea. See
Cooper v. State, 45 S.W.3d 77, 83 (Tex.Crim.App. 2001). 
2. The Court of Criminal Appeals has since held that the granting of community
supervision is not a sentence, and that a defendant is not entitled to habeas corpus relief
when he received probation to which he was not entitled. Ex parte Williams, 65 S.W.3d
656, 657-58 (Tex.Crim.App. 2001).