### KID DAVIS v. THE STATE.

*No. 1133.    Decided January 27th, 1897.*

*Motion for Rehearing Decided March 26th, 1897.*

**1.   Plea of Former Conviction Under City Ordinance.**

On a prosecution for playing cards on Sunday, in an incorporated city, defendant pleaded a former conviction in the city court under a city ordinance; which plea was stricken out on motion of the County Attorney, upon the ground that the city ordinance did not inhibit card playing on Sunday. Held: The plea was properly stricken out.

ON MOTION FOR REHEARING.

**2.   Same.**

On a prosecution for playing cards on Sunday, in an incorporated city, where defendant pleaded former conviction in the city court, which plea was, upon its face, good; and it was made to appear that the city ordinance, under which the former conviction was had, was similar to Penal Code, Art. 198, except that said ordinance makes the enumerated offenses criminal on any day of the week, and does not limit them to Sunday as does said Article 198. Held: The city ordinance being valid, and it being provided by Article 931, Code Crim. Proc., that no person shall be punished twice for an offense which is against the penal laws of the State as well as against city or town ordinances, it was error for the court below to strike out said plea of former conviction.

**3.   Same—Defective Complaint—Satisfaction of Judgment.**

A plea of former conviction is, and will be, a bar to a further prosecution, though the former complaint was defective, where it appears that the defendant submitted to the former judgment and has paid his fine and costs accruing thereunder.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for playing cards on Sunday; penalty, a fine of $20.

The case is sufficiently stated in the opinion.

*A. A. Kemble,* for appellant.

*Nat. P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully playing cards in an incorporated city on Sunday, and fined $20; hence this appeal. Appellant filed a plea of former conviction in the city court. The plea contains all the proceedings, showing said conviction. The affidavit on which said conviction was had, in the charging part, alleged that "said Kid Davis did then and there unlawfully play at a game of cards, in a public place, to-wit: a gambling house, in violation of the city ordinances of Ennis, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State." The ordinances of said city, attached to said plea as the basis of said prosecution, are as follows: "Any person who shall run or shall be engaged in running any horse race, or shall permit the use of any nine or ten pin alley, or shall engage in any match shoot, or any species of gaming for money, or other consideration, in this city, shall be fined not less than twenty nor more than fifty dollars." On the trial a motion was made by the County Attorney to strike out this plea, mainly on the ground that the said ordinances did not inhibit a game of cards being played on Sunday, because the affidavit did not allege an offense, because it did not state the name of the person with whom the defendant was alleged to have played, and did not allege that said defendant played for money. We think the contentions of the State were well taken. In McNeill v. State (Tex. Crim. App.), 33 S. W. Rep., 977, it was held that the action of the court, in a case involving the same question, in striking out said plea, was proper. The evidence sustains the conviction in this case, and the judgment is affirmed.

*Affirmed.*

---

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully playing cards on Sunday, in Ennis, Ellis County (the same being an incorporated city), and appealed. This case was affirmed at a former day of this term, and now comes before us on a motion for rehearing. Appellant insists that this court is in error in holding that the action of the court in striking out his plea of former conviction was correct. He insists that what was said by this court in McNeill v. State, 33 S. W. Rep., 977, was dicta, inasmuch as no exception was reserved to the action of the court in striking out defendant's plea of former conviction. We have examined said case, and appellant is correct in stating that no bill of exceptions was reserved to the action of the court. The plea of former conviction in this case was regular in form, and set up all the proceedings of the Mayor's Court, showing a conviction. Among other things, it set up the ordinance of the city of Ennis, which is similar in language to Art. 198 of the Penal Code of 1895, under which this conviction was had, except that it makes the offenses enumerated in said article, which by the State law are only made criminal when they occur

on Sunday, offenses if either of said inhibited acts is done on any day of the week. The amount of fine by the State law and by the ordinance is the same. Code Crim. Proc., Art. 931, provides as follows: "The jurisdiction given to mayors and recorders of incorporated towns and cities shall not prevent justices of the peace from exercising the criminal jurisdiction conferred upon them; but in all cases where there is an incorporated town or city within the bounds of a county, the justice and the mayor or recorder shall have concurrent jurisdiction within the limits of such town or city. And no person shall be punished twice for the same act or omission, although such act or omission may be an offense against the penal laws of the State, as well as against the ordinances of such city or town; provided, that no ordinance of a city or town shall be valid which provides a less penalty for any act, omission or offense than is prescribed by the statutes, where such act or omission is an offense against the State." The effect of this article is to prohibit the punishment in the State court of offenses over which mayors or recorders have jurisdiction, where a person has been tried and convicted under the ordinances covering the same offense. It will be seen from the ordinance above mentioned that the city of Ennis through its municipal authorities, as above shown, has made every species of gaming in said city, during every day of the week, a criminal offense, and has punished a violation thereof with the same amount of fine as is provided by the State law for playing said games in a city on Sunday. The plea set up shows that the offense for which defendant had been convicted in the city court was for playing at a game of cards in a public place on Sunday, in said city of Ennis. But it is contended that, because the affidavit upon which said conviction was obtained in the city court does not charge an offense, a conviction thereunder would not constitute a bar to this prosecution. Said affidavit is as follows: "Before me, the undersigned authority, on this day, personally appeared J. W. Anderson, a credible person, who, being duly sworn, deposes and says that, within the corporate limits of the city of Ennis, county of Ellis, and State of Texas, on Sunday, the 8th day of September, 1895, and before the filing of this complaint, one Kid Davis did then and there unlawfully play at a game with cards, in a public place, to-wit: a gaming house, in violation of the city ordinances of Ennis, and contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State." It has been held that such a complaint, under the State law (Article 198, before cited), would be bad; that is, a motion to quash or a motion in arrest of judgment would be sustained. See, Shook v. State, 25 Tex. Crim. App., 345. But does it follow that because such would be the result, or that the judgment of conviction upon such a complaint would be reversed on appeal, a plea setting up such conviction in bar would be bad, and ought to be stricken out? We think not. Mr. Bishop (1 Crim. Law, § 1021, Subdiv. 3) states the question as follows: "After the verdict of guilty on such indictment, and judgment rendered thereon, there can be no second prosecu-

tion while the judgment is unreversed, not because there has been a jeopardy, for there has not, but because the judgment is voidable only and of the same effect while it stands as a valid one." .See, State v. George, 53 Ind., 434. He further states the law to be "that after a person has been erroneously convicted, and he has suffered the full punishment of the law, that he cannot be prosecuted the second time for the same offense." 1 Bishop's Crim. Law, § 1023; Com. v. Loud, 3 Metc. (Mass), 328. In this case the plea set up in bar showed that the Mayor's Court had jurisdiction of the offense, and that it was the same transaction for which defendant was being prosecuted in this case; and, although the complaint upon which the defendant was convicted is shown to be erroneous, yet appellant was regularly tried thereupon, and fined in the sum of $20. He submitted to said judgment, and paid his fine and all costs accruing thereunder. He has satisfied the demands of the law, and he cannot again be tried for the same offense; that is, if the statement in his plea be true, he would be entitled to an acquittal on said plea, and the same should have been heard. The court, however, struck out said plea on motion of the County Attorney. This was error. The motion for rehearing is granted, and the judgment is accordingly reversed, and the cause remanded.

*Motion Granted and Cause Reversed and Remanded.*