JIM CORBETT v. STATE.

No. 1289.   Delivered October 25, 1911.

**Aggravated Assault—Jeopardy—Former Conviction.**

Where the county attorney filed an information for aggravated assault, based upon affidavit in the County Court, and received defendant's plea of guilty thereon, it was reversible error in a prosecution, based upon the identical facts, for assault with intent to murder, to strike out defendant's plea of former conviction; and this, although the proceedings in the County Court may have been irregular, the defendant having paid off the fine assessed against him in the County Court.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and two months confinement in the county jail.

The opinion states the case.

*D. Thornton*, for appellant.—On question of former conviction: U. S. v. Ball, 163 U. S., 662; Grisham v. State, 19 Texas Crim. App., 504; Paschal v. State, 9 Texas Crim. Rep., 205; 1 Bishop Crim. Law, sections 1021-1023, and cases cited in the opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was arrested, charged with an aggravated assault on a man named Lee. It occurred on a railroad train. Appellant and a young man named Clements were playing dice. Lee was conductor on the train, appellant a brakeman. It seems, however, he had been off duty for a few days and was returning to Greenville at that time apparently to go to work. Lee

became rather irate with appellant and Clements because of the fact they were throwing dice on the train and gambling. They were first in one of the coaches; he made them leave that coach; they then went into the baggage car and renewed their game. Lee followed, and ordered them to desist, which they did, and returned to the car known as the smoker. Lee followed them, and the quarrel ended in some pretty sharp words. Lee struck appellant on the head with his fist, and struck at him again, but appellant dodged. There is some discrepancy in the testimony as to whether there were two licks or only one. There is about the usual amount of uncertainty in regard to the facts as we usually find in fighting cases of this character. Appellant, upon coming away from the baggage car, went into the smoker between two seats that were thrown backwards and was in the act of sitting down when Lee began talking to him pretty vigorously, and remarked he would put him out of the car, using, according to some of the witnesses, quite a vigorous epithet. Appellant said, "When are you going to begin?" That brought on the trouble, and appellant got his knife out and used it on Lee in two or three places. The knife had a blade two and one-half inches long. Lee was confined to his room for several weeks. Appellant surrendered to an officer upon the train reaching the next station. There was a complaint filed against him. Appellant was arrested, and gave bond to appear before an examining trial. This trial never occurred, but later the county attorney dismissed that phase of the prosecution, and instituted proceedings in the County Court, charging appellant with an aggravated assault and battery. The first phase of the complaint charges him with using a deadly weapon, and the second, that he did wound, bruise and cut Lee.

After all this occurred, appellant and some of his friends, and perhaps his attorney, went to see the county attorney, and submitted the matter to him in about this wise: That the county attorney should see Mr. Lee; go over the facts with him as Lee understood them, and that the county attorney should generally inform himself about the facts of the case, and whatever he, the county attorney, thought was right about it, would be satisfactory to appellant. In other words, he seems to have submitted the matter to the county attorney as to what offense he was guilty of. The county attorney, acting upon this, went to see Mr. Lee and talked the matter over with him. Lee expressed a desire to close up the matter and not have any further trouble about it, giving his reasons for that suggestion, and later Mr. Lee saw the county attorney, more than once, in regard to the matter. This finally culminated in the county attorney telling appellant that if he would plead guilty, his fine and incidental matters would amount to forty-six dollars and some cents. Appellant told him all right. The costs, fine and everything was paid as assessed against him; judgment rendered by the County Court, and all of the matters settled up. The judgment was fully satisfied by appellant.

The grand jury subsequently indicted appellant, charging him with assault to commit murder. When the case was called for trial, appellant filed his plea of jeopardy and former conviction. This went before the jury. All the evidence was introduced, and it was shown, without contradiction, by all the witnesses testifying in regard to the matter, that it was the same transaction and same act as that upon which he had been charged with and convicted in the County Court. Mr. Lee testified, as did the appellant, that it was the only difficulty he ever had with Lee in his life; all the officers testifying directly and positively to the facts, and there was no question in regard to the matter at all.

Motion was made to quash the plea of former conviction, which seems to have been overruled by the court inasmuch as all the evidence went before the jury. This motion was signed by the district attorney. When the evidence was introduced, the district attorney renewed his motion to quash, which was sustained by the court, and the issue of former conviction was not submitted to the jury. Exception was taken to this ruling of the court, both to sustaining the plea of the district attorney, and in refusing to submit the issue to the jury in the court's charge, and also in refusing several special charges requested by appellant submitting the issue. This action of the court is assigned as error. There are some other questions in the case, but as we view this record, we only dispose of this one, as we think it finally disposes of the case. This conviction was for aggravated assault and battery.

The bill of exceptions sets out the plea, all the evidence, and orders of the County Court, judgments, etc. The court signs the bill with this statement:

"The motion to strike out defendant's plea of former conviction was sustained because the judgment of conviction rendered in the County Court against this defendant, in my opinion, was not a legal and valid judgment. The proof showed without contradiction that the defendant and his attorney agreed with the county attorney, in his office, that the defendant would pay a fine of twenty-five dollars and costs for aggravated assault. The county judge was not present nor was he consulted, nor was any agreement made in open court to that effect. The money was then and there paid to the county attorney and afterwards the county attorney caused a judgment to be entered in the case for simple assault and fine of twenty dollars being assessed. When this proceeding was had, the defendant was not present in court, neither was he represented in open court by attorney. It further appeared that the judgment for simple assault was entered because the county attorney had made a mistake in calculating the cost, the fine being reduced in order that the money paid by the defendant would satisfy the judgment in full. Furthermore the County Court judgment did not adjudge the defendant guilty of any offense."

We do not purpose to go into a discussion of the question as to

appellant's attitude to the original conviction in the County Court had he appealed from that judgment. It may have been regular or irregular. That matter was settled and closed out when the defendant paid the fine and costs, and matters adjudged against him, with the sanction of the county judge and county attorney, and however irregular this may have been, it settled the State's case as far as the prosecution is concerned. Appellant was tried in the County Court under an information based on a complaint charging him with aggravated assault and battery. In the District Court he was tried under an indictment for the same transaction and the same acts identically, charging him with assault to murder. He was in jeopardy in the County Court, and he plead it successfully inasmuch as he paid off the fine and obeyed the order of the court. As before stated, had he prosecuted his appeal from that case, there might have been some little trouble in deciding the question as to the regularity of his plea and those matters, but under our statute, where the defendant suffers a penalty and pays a fine, those matters are closed. This was but an irregularity. The county attorney had all the facts after talking with Mr. Lee and witnesses. He did not believe there was more than an aggravated assault in the case, and informed appellant the costs would be forty-six dollars and some cents, which appellant agreed to pay and did pay, and went his way. See Nixon v. State, 35 Texas Crim. Rep., 458; Davis v. State, 37 Texas Crim. Rep., 359. We might multiply these cases indefinitely, but deem it unnecessary.

The court erred in striking out appellant's plea; he erred in refusing to submit the question to the jury as well as in refusing appellant's requested instructions on the subject, and he further erred in not granting a new trial, because the evidence shows conclusively that he had been convicted for the same identical act. The Constitution still provides that a man can not be put twice in jeopardy of his life or liberty. The Constitution still provides that no person shall again be put on trial for the same offense after a verdict in a court of competent jurisdiction. Appellant was put upon trial before a court of competent jurisdiction, to wit: the County Court, under an information as authorized by the statute and section 10 of the Bill of Rights. His plea was in good form, set up the facts, the evidence sustained absolutely every allegation in it—the State witnesses, and the evidence introduced by the appellant.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*