Webber v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-028-CR

Â Â Â Â Â Â Â Â ALEX LAKE WEBBER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

 From the 82nd District Court
Robertson County, Texas
Trial Court # 13,547-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Appellant was convicted in municipal court of disorderly conduct stemming from a fight
that occurred July 8, 1990, and assessed a $150 fine. See Tex. Penal Code Ann. Â§ 42.01
(Vernon Supp. 1992). He "worked out" the fine with a city work crew. Subsequently, he was
indicted for aggravated assaultâi.e., "intentionally or knowingly cause[ing] serious bodily injury
to James Arthur Owens by stabbing him with a knife"âbased on the July 8 incident. See id. at
Â§ 22.02(a)(1). He complains by a writ of habeas corpus that his previous conviction for disorderly
conduct is a bar to his subsequent prosecution for aggravated assault. See U.S. Const. amend.
V. We will affirm.
Â Â Â Â Â Â Â Â Â Â The State contends that double jeopardy does not attach because the municipal court
judgement was void. However, if the defendant has suffered the full punishment imposed on him
by the first court for the same crime or a lesser-included offense of the one he is now being
prosecuted for, he may not be punished again regardless of the validity of the first judgement.
Corbett v. State, 63 Tex. Crim. 478, 140 S.W. 342, 343 (1911). Because Appellant "worked off"
the full $150 fine imposed by the municipal court, a subsequent prosecution for the same offense
would be barred by double jeopardy even if the judgment were void. 
Â Â Â Â Â Â Â Â Â Â The fifth amendment guarantees that "[n]o person shall be subject for the same offense to
be twice put in jeopardy of life or liberty." See U.S. Const. amend. V. A defendant has the
burden of producing evidence to support his allegation of former jeopardy. Shaffer v. State, 477
S.W.2d 873, 875 (Tex. Crim. App. 1971). If he shows by a preponderance of the evidence that
an indictment charges him with an offense for which he was formerly placed in jeopardy, the
burden then shifts to the state to establish that there were two separate offenses. Grady v. Corbin,
-- U.S. --, 110 S.Ct. 2084, 2094, 109 L.Ed.2d 548 (1990); Tex. Code Crim. Proc. Ann. art.
27.05 (Vernon 1989).
Â Â Â Â Â Â Â Â Â Â To determine whether a subsequent prosecution is barred by double jeopardy, we must first
decide whether each offense requires proof of an additional fact that the other does not. See
Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If the two
offenses have identical statutory requirements or one is simply a lesser-included offense of the
first, then the second prosecution is barred. Grady, 110 S.Ct. at 2090. If, however, the second
prosecution survives the Blockburger test, we must decide if "the government . . . will prove
conduct that constitutes an offense for which the defendant has already been prosecuted." See id.
at 2093. Thus, "the critical inquiry is what conduct the state will prove, not the evidence the state
will use to prove that conduct." Id. If the same conduct will be used to prove both offenses, the
Double Jeopardy Clause bars the second prosecution. Id. In Grady, the Court held that a
subsequent prosecution for driving while intoxicated was barred by double jeopardy because the
state admitted that it would prove the entirety of the conduct for which the defendant had been
convicted in the first prosecution to establish an essential element of the second prosecution. Id.
at 2094. 
Â Â Â Â Â Â Â Â Â Â The Court of Criminal Appeals has interpreted Grady as requiring a three-part inquiry: (1)
whether the underlying conduct constitutes an offense; (2) whether the defendant has been
prosecuted for this offense; and (3) whether this criminal conduct will be used to establish an
essential element of the subsequent offense. Ex parte Ramos, 806 S.W.2d 845, 847 (Tex. Crim.
App. 1991). Only if all three of these inquiries are answered affirmatively is the latter prosecution
barred. Id. However, nothing precludes the prosecution of multiple criminal offenses arising
from the same transaction. See, e.g., State v. Houth, 810 S.W.2d 852, 855 (Tex. App.âHouston
[1st Dist.] 1991, pet. granted) (holding that a prosecution for failing to drive in a single, marked
lane did not bar a subsequent prosecution for driving while intoxicated which arose from the same
set of facts); State v. Garcia, 810 S.W.2d 240, 241 (Tex. App.âEl Paso 1991, no pet.) (holding
that a conviction for running a red light did not bar a subsequent prosecution for driving while
intoxicated; although driving was an element of both offenses, driving in and of itself was not
"conduct that constitutes an offense for which the defendant has already been prosecuted");
Kvetinskas v. State, 809 S.W.2d 914, 915 (Tex. App.âHouston [14th Dist.] 1991, no pet.)
(holding that a prior prosecution for speeding does not bar a subsequent prosecution for driving
while intoxicated). In all of these cases, each of the first offenses could be committed without
committing the second, and each of the second offenses could be committed without the first.
Â Â Â Â Â Â Â Â Â Â Appellant was charged with disorderly conduct and then aggravated assault. Thus, he had
to prove by a preponderance of the evidence that (1) the two offenses have identical statutory
requirements; (2) one offense is a lesser-included offense of the other; or (3) the State will prove
conduct that constitutes an offense for which he had already been prosecuted. See Grady, 110
S.Ct. 2090-93. 
Â Â Â Â Â Â Â Â Â Â Disorderly conduct means a person intentionally or knowingly fights with another in a
public place. Tex. Penal Code Ann. Â§ 42.01(a)(6) (Vernon Supp. 1992). Aggravated assault
requires that the actor intentionally, knowingly, or recklessly cause serious bodily injury to
another. Id. at Â§Â§ 22.01(a)(1), 22.02(a)(1) (Vernon 1989 and Vernon Supp. 1992). The two
offenses do not have identical statutory requirements. Furthermore, disorderly conduct is not a
lesser-included offense of aggravated assault because each offense "requires proof of additional
facts which the other does not." See Blockburger, 52 S.Ct. at 182.
Â Â Â Â Â Â Â Â Â Â Therefore, we must consider what conduct the State will use to prove the underlying
offenses. See Grady, 110 S.Ct. at 2093. The State does not necessarily have to prove Appellant
fought in a public place to establish the aggravated assault. Unlike Grady, the State never
admitted it would use the fighting to prove aggravated assault. Id. at 2094. Thus, Appellant never
discharged his burden by a preponderance of the evidence.
Â Â Â Â Â Â Â Â Â Â We overrule point one and affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed January 15, 1992
Do not publish



....

Martinez:  I, I ainÂt gonna let Âya sit there (unclear) IÂm
sayinÂ, do you wanna talk about this?Â  I just need to know before I, I ask Âya
anymore questions.Â  ÂCause IÂve got a lotta questions I need to ask you.Â  Is
that alright witÂ you?

mcafee, reginald:Â  but what IÂm tryinÂ to get you to
underÂ­stand, (sighs) if itÂs somethinÂ to do witÂ that I, hey I, I donÂt shit
about that. only thing....

martinez:Â  I, I....

mcaffee, reginald:Â  ...I know is what I see in the
paper.

Martinez:Â  what IÂm askinÂ you, in reference to your rights,
itÂs real simple.Â  are you willinÂ to talk to us?Â  IÂm not sayinÂ you willinÂ
to confess.Â  are you willinÂ to talk to us about this?

mcafee, reginald:Â  about what?

martinez:Â  about what iÂm gonna ask you about, about the cirÂ­cumstances
that we have surroundinÂ this warrant.Â  (pause)

mcafee, reginald:Â  what is it about?

martinez:Â  itÂs aggravated robbery at western union.

mcafee, reginald:Â  i donÂt know nothinÂ Âbout that.

martinez:Â  okay you, youÂre missinÂ my point.Â  itÂs real
simple.

mcafee, reginald: if i said (unclear) to what, no
Âcause i donÂt know what to say.

martinez: okay, but you, you donÂt wanna answer quesÂ­tions?

mcafee, reginald: pertaininÂ to?

martinez:Â  pertaininÂ to circumstances.

mcafee, reginald:Â  man....

martinez:Â  now listen, letÂs not play this game.Â  man, you
been down before, i do....

mcafee, reginald:Â  i donÂt know...

martinez:Â  ....(unclear....talking at the same time)....

mcafee, reginald: .....(unclear...) tellinÂ, and iÂm
tellinÂ you.

martinez:Â  okay.

mcafee, reginald:Â  (chair squeaking) that if itÂs got
someÂ­thinÂ to do with what the fuck he did, i donÂt know nothinÂ about what the
fuck he did man..

martinez:Â  and youÂre missinÂ the point iÂm makinÂ here.Â  IÂm
not askinÂ you to tell me that do or donÂt know.Â  i just have questions that i
need clarified.Â  if youÂre willinÂ to ansÂ­wer the questions, thatÂs your
business, i need to know if itÂs yes or no.

mcafee, reginald: okay.

martinez:Â  that, is that a yes?

mcafee, reginald:Â 
yeah.Â  

[sic] (StateÂs Ex. D3, at 5-6 (ellipses in
orig.).)

Â Â Â Â Â  At the hearing on the motion to suppress,
the interrogating officers testified that they had not understood McAfee to
have been asserting his privilege against self-incrimination, but to have been
denying involvement in the robbery.Â  McAfee did not testify.Â  The trial court
found: 

Â Â Â Â Â  In reviewing the videotape, I do think
that there was some misunderstanding, some differing view of what questions
were being asked and what questions were being answered.Â  Viewed in the context
of the entire conversation that went on back and forth, I do not believe that
at that point in time Mr. McAfee had closed the door on any interrogation
.Â .Â .Â .

Â Â Â Â Â  Viewing the evidence in the light most
favorable to the trial courtÂs ruling, we hold that the trial court did not
abuse its discretion in overruling McAfeeÂs motion to suppress McAfeeÂs
statement.Â  We overrule McAfeeÂs second issue.Â  

Â Â Â Â Â  Video Tape.Â  In McAfeeÂs third
issue, he contends that the trial court erred in overruling McAfeeÂs motion to
suppress a video recording of McAfee eating part of a tissue that had McAfeeÂs
blood on it.Â  McAfee argues that he ate the tissue to avoid its being used as a
specimen of his DNA, and that his act constituted an invocation of his
privilege against warrantless searches.

Â Â Â Â Â  ÂThe right of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and
seizures, shall not be violated .Â .Â .Â .ÂÂ  U.S. Const. amend. IV; see Tex.
Const. art. I, Â§Â 9.Â  The taking of a blood specimen constitutes a
search and seizure for Fourth Amendment purposes.Â  Schmerber v. California, 384
 U.S. 757, 766-72 (1966); accord State v. Hardy, 963 S.W.2d 516, 523
(Tex. Crim. App. 1997); Aliff v. State, 627 S.W.2d 166, 169 (Tex. Crim.
App. [Panel Op.] 1982).Â  ÂThe invocation of constitutional rights such as
.Â .Â . freedom from unreasonable searches may not be relied upon as
evidence of guilt.Â  To permit the use of such evidence for purposes of incrimination
would erode the protections guaranteed by both state and federal
constitutions.ÂÂ  Reeves v. State, 969 S.W.2d 471, 493 (Tex. App.ÂWaco
1998, pet. refÂd) (quoting Powell v. State, 660 S.W.2d 842, 845 (Tex.
App.ÂEl Paso 1983, no pet.)); see Hardie v. State, 807 S.W.2d 319, 322
(Tex. Crim. App. 1991).Â  Appellate courts, however, find a violation on the
prohibition against evidence of the assertion of a privilege only when the
defendant expressly asserts the privilege or the defendantÂs actions lead to
the inescapable conclusion that the defendant thereby asserted a privilege.Â  See
Raffaelli v. State, 881 S.W.2d 714, 717 (Tex. App.ÂTexarkana 1994, pet.
refÂd); Dumas v. State, 812 S.W.2d 611, 614 (Tex. App.ÂDallas 1991, pet.
refÂd); Torres v. State, No. 14-97-01211-CR, 1999 Tex. App. LEXIS 8973,
at *7 (Tex. App.ÂHouston [14th Dist.] Dec. 2, 1999, pet. refÂd) (not designated
for publication).Â  Viewing the evidence in the light most favorable to the
trial courtÂs finding, we hold that the trial court did not abuse its discretion
in overruling McAfeeÂs motion to suppress the video tape.Â  We overrule McAfeeÂs
third issue.Â  

Â Â Â Â Â  Charge.Â  In McAfeeÂs fourth
issue, he contends that the trial court erred in overruling McAfeeÂs objection
to the trial courtÂs charge.Â  The court instructed the jury Âthat an officer
need not stop his questioning unless the defendantÂs invocation of rights is
unambiguous.ÂÂ  McAfee argues that the instruction constituted a comment on the
weight of the evidence.Â  

Â Â Â Â Â  Â[I]n each felony case
.Â .Â .Â , the judge shall .Â .Â . deliver to the jury
.Â .Â . a written charge distinctly setting forth the law applicable to
the case[,] not expressing any opinion as to the weight of the evidence,
.Â .Â . summing up the testimony, [or] discussing the facts
.Â .Â .Â .ÂÂ  Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon Supp. 2005); see also id. art.
38.05 (Vernon 1979) (judge shall not Âat any stage of the proceeding previous
to the return of the verdict[] make any remark calculated to convey to the jury
his opinion of the caseÂ).Â  ÂThe primary reason for the rule is that an
instruction Âby the trial judge to the jury on the weight of the evidence
reduces the StateÂs burden of proving guilt beyond a reasonable doubt to the
juryÂs satisfaction.ÂÂÂ  Brown v. State, 122 S.W.3d 794, 798 (Tex. Crim.
App. 2003), cert. denied, 541 U.S. 938 (2004).Â  ÂA charge that assumes
the truth of a controverted issue is a comment on the weight of the evidence
and is erroneous.ÂÂ  Whaley v. State, 717 S.W.2d 26, 32 (Tex. Crim. App.
1986).Â  Â[A] courtÂs jury instruction could violate article 36.14Â by
Âobliquely or indirectly convey[ing] some opinion on the weight of the evidence
by singling out that evidence and inviting the jury to pay particular attention
to it.Â  On this near end of the Âimproper-judicial commentÂ spectrum is an
instruction that is simply unnecessary and fails to clarify the law for the
jury.ÂÂ  Brown at 801.Â  ÂAn instruction that focuses on a particular
factor that may render a statement involuntary is an impermissible comment on
the weight of the evidence.ÂÂ  Rocha v. State, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000).Â  ÂEven a seemingly neutral instruction about a particular type of
evidence constitutes an impermissible comment on the weight of the evidence in
violation of Article 36.14 because such an instruction singles out a particular
piece of evidence for special attention.ÂÂ  Id.Â  ÂTo constitute
reversible error, the trial courtÂs comment to the jury must be such that it is
reasonably calculated to benefit the State or to prejudice the rights of the
defendant.ÂÂ  Becknell v. State, 720 S.W.2d 526, 531 (Tex. Crim. App.
[Panel Op.] 1986); accord Blue v. State, 41 S.W.3d 129, 134 (Tex. Crim.
App. 2000); Moore v. State, 505 S.W.2d 842, 844 (Tex. Crim. App. 1974).Â 


Â Â Â Â Â  ÂIf the error in the charge was the
subject of a timely objection in the trial court, then reversal is required if
the error is Âcalculated to injure the rights of defendant,Â which means no
more than that there must be some harm to the accused from the error.ÂÂ  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on rehÂg)
[(quoting Tex. Code Crim. Proc. Ann. art.
36.19 (Vernon 1981))]; accord Brown, 122 S.W.3d at 803.

Â Â Â Â Â  McAfee timely objected to the charge.Â  We
assume without deciding that the trial court erred.Â  

Â Â Â Â Â  In
assessing the likelihood that the juryÂs decision was adversely affected by the
error, the appellate court should consider everything in the record, including
any testimony or physical evidence admitted for the juryÂs consideration, the
nature of the evidence supporting the verdict, the character of the alleged
error and how it might be considered in connection with other evidence in the
case.Â  The reviewing court might also consider the jury instruction given by
the trial judge, the StateÂs theory and any defensive theories, closing
arguments and even voir dire, if material to appellantÂs claim.

Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).Â 
Â[W]hen conducting a harm analysisÂ of charge error, Âthe reviewing court may
consider the following four factors:Â  1)Â the charge itself;Â  2)Â the
state of the evidence including contested issues and the weight of the
probative evidence;Â  3)Â arguments of counsel;Â  and, 4)Â any other
relevant information revealed by the record of the trial as a whole.ÂÂ  Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); accord Almanza, 686
S.W.2d at 171.

Â Â Â Â Â  The charge as a whole is unexceptional.Â 
It includes an instruction on the voluntariness of McAfeeÂs statement.Â  The
statement was of little importance at trial.Â  In it, McAfee did not admit to
participation in the offense.Â  The State referred to the statement once, in
opening statement, and only with reference to McAfeeÂs alibi.Â  Accordingly, any
charge error was harmless.Â  We overrule McAfeeÂs fourth issue.Â  

Â Â Â Â Â  Having overruled McAfeeÂs
issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice
Reyna

Affirmed

Opinion
delivered and filed April 26, 2006

Do
not publish

[CRPM]









[1]Â  The
State introduced a copy of the Bryan Police Department offense report, which
contained a transcription of officersÂ interview of McAfee.Â  Both McAfee and
the State quote and cite the transcription as authoritative, and neither
questions its accuracy.