The STATE of Texas, Appellant,

v.

**Jack Lois EDWARDS, Appellee.**

**No. 08–91–00027–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 9, 1991.

Tracey Bright, County Atty., Odessa, for appellant.

Tony Chavez, Chavez & Garcia, Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

### OPINION

WOODARD, Justice.

This is a State appeal from an order of the lower court dismissing this prosecution

ly and knowingly.

due to a double jeopardy bar. We vacate the order and reinstate the prosecution.

On the night of July 15, 1990, Appellant was involved in a vehicular accident. As a result, he was charged with driving while intoxicated, failure to yield right-of-way while making a left turn, leaving the scene of an accident and failure to maintain insurance. The next day, he entered pleas of guilty to failure to yield right-of-way and leaving the scene of an accident. He was convicted and paid assessed fines (by combination of cash and jail time). Thereafter, the county attorney instituted this misdemeanor prosecution for driving while intoxicated. The defense moved to dismiss upon double jeopardy grounds, relying upon the prior convictions noted above. The motion was granted, and the State filed a timely appeal.

As held in *State v. Garcia Garcia*, 810 S.W.2d 240 (Tex.App.—El Paso 1991, no pet.), a case of this nature turns upon the analysis in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) which the judge and both sides relied upon in the court below. In *Grady*, the defendant crossed a median and struck an oncoming vehicle. The driver of the other vehicle died, the other occupant was injured. The defendant was immediately charged with driving while intoxicated and failure to keep to the right of the median. A homicide prosecution was commenced. In justice court, the defendant entered pleas of guilty to driving while intoxicated and failure to keep to the right of the median. He was convicted and sentenced to a fine and a six-month license revocation. Two months later, the grand jury returned an indictment for reckless manslaughter, second degree vehicular manslaughter, criminally negligent homicide, reckless assault and driving while intoxicated. A bill of particulars identified three reckless or negligent acts upon which the homicide, manslaughter and assault charges were founded: (1) driving while intoxicated; (2) failure to keep to the right of the median; and (3) excessive speed given the road and weather conditions.

The New York Court of Appeals upheld a double jeopardy bar because of the State's expressed intent to "rely *on the prior traffic offenses* as the acts necessary to prove the homicide and assault charges." [Emphasis added]. *Corbin v. Hillery*, 74 N.Y.2d 279, 289, 545 N.Y.S.2d 71, 76–77, 543 N.E.2d 714, 719–720 (1989). The Supreme Court affirmed, noting that the test under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) is but a first step in assessing the propriety of a double jeopardy bar. In a nutshell, the ruling is best expressed in the opening paragraph of Justice Brennan's opinion:

> We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove *conduct that constitutes an offense* for which the defendant has already been prosecuted. [Emphasis added].

495 U.S. ——, 110 S.Ct. at 2087, 109 L.Ed.2d at 557.

The present ruling before us constitutes a misapplication of the rule in *Grady*. The confusion no doubt arises from a failure to adequately discriminate between the phrases "element of an offense" and "conduct that constitutes an offense." Appellee and the lower court have adopted a position that the phrases are synonymous and identified the common element of Appellee's prior convictions and the instant DWI prosecution as *driving a vehicle*. Driving a vehicle is an element of each offense charged against the Appellee, as was the case in *Grady*, but driving *alone* is not "conduct that constitutes an offense." Appellee's argument would totally eliminate *Blockburger*, a result not reached in *Grady*. In *Grady*, it was not driving alone which barred the subsequent prosecution for assault and homicide. Driving was a common element, but *illegal* driving (i.e., driving while intoxicated and failure to drive to the right of the median, as units of criminal conduct) was the conduct constituting an offense or offenses which had already been prosecuted. These prior litigated offenses became, in their entirety,

**190**

elemental conduct constituting the State's allegations in the subsequent prosecution.

Under Appellee's analysis, if a defendant shot and killed five people, a preliminary trial and conviction for one would preclude subsequent prosecutions for the others—a result not produced even under Texas' now defunct carving doctrine and certainly not mandated by *Grady*. Points of Error Nos. One and Two are sustained.

The dismissal order of January 22, 1991, is hereby vacated and the cause is remanded for trial.