IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-057-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





JOHN REMSING,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY



NO. 344,016, HONORABLE BRENDA KENNEDY, JUDGE 



 





 The State appeals the trial court's order granting appellee's pretrial plea of double
jeopardy. (1) In a single point of error, the State asserts that the trial court erred because the State
will not rely upon conduct for which appellee has been convicted to establish an essential element
of the offense of driving while intoxicated, second offense. See Tex. Rev. Civ. Stat. Ann. 6701l-1 (Supp. 1992). We agree and reverse the trial court's order.

 Austin police officer Richard Colbert stopped the vehicle appellee was driving on
the night of September 5, 1990. After appellee failed field sobriety tests, Colbert arrested him
for driving while intoxicated. The officer also issued appellee a traffic citation for failure to drive
in a single marked lane. See Tex. Rev. Civ. Stat. Ann. art. 6701d, § 60(a) (1977). Prior to the pretrial hearing, appellee entered a plea of no contest to the offense of failure to operate a
vehicle within a designated lane.

 The constitutional prohibition against double jeopardy includes protection against
a second prosecution for the same offense after conviction. See Illinois v. Vitale, 447 U.S. 410,
415 (1980); Ex parte Peterson, 738 S.W.2d 688, 689 (Tex. Crim. App. 1987). The resolution
of this issue in this cause turns on whether the two offenses, under the complaint and information
charging the violations, are the same offenses for a successive-prosecution, double-jeopardy
analysis. The first step in our determination is the test set out in Blockburger v. United States,
284 U.S. 299, 304 (1932):



The applicable rule is that, where the same act or transaction constitutes a violation
of two distinct statutory provisions, the test to be applied to determine whether
there are two offenses or only one is whether each provision requires proof of an
additional fact which the other does not.



 The complaint charging appellee with failure to drive in a single marked lane
provides that appellee:



[D]id drive and operate a motor vehicle on a public street therein situated which
was then and there divided into two or more clearly marked lanes for vehicular
traffic and did then and there fail to drive said motor vehicle as nearly as practical
entirely within a single lane thereof.



The information charging appellee with driving while intoxicated provides in pertinent part that
appellee:



did then and there drive and operate a motor vehicle in a public place in Travis
County, to-wit: a street and highway while intoxicated, when said defendant did
not have the normal use of his mental and physical faculties by reason of the
introduction of alcohol into the said defendant's body and defendant had an alcohol
concentration of at least 0.10.



 Each of the two offenses requires proof of a statutory element not required by the
other. The offense for which appellee had been convicted required proof that he did not drive as
nearly as practical within a single lane. The pending driving-while-intoxicated cause requires proof that appellee was intoxicated. Thus, because the two offenses each require proof of a
different element, the Blockburger test is satisfied. 

 However, the United States Supreme Court held in Grady v. Corbin, 110 S.Ct.
2084, 2093 (1990), that a subsequent prosecution must do more than merely survive the
Blockburger test. The court reasoned that a further examination must be made because the double
jeopardy clause bars a prosecution where the government, "to establish an essential element of an
offense charged in that prosecution, will prove conduct that constitutes an offense for which the
defendant has already been prosecuted." Grady, 110 S.Ct. at 2093. The court then stated that
the analysis requires a determination of "conduct" the State will prove, "not the evidence the State
will use to prove that conduct. . . . [T]he presentation of specific evidence in one trial does not
forever prevent the government from introducing that same evidence in a subsequent proceeding." 
Grady, 110 S.Ct. at 2093. In a recent opinion, United States v. Felix,     U.S.    , No. 90-1599,
March 25, 1992, the Supreme Court stated that it would be an "extravagant reading of Grady" that
a "mere overlap in proof between two prosecutions" establishes a double jeopardy violation. 

 In Grady, the driver of the car hit by Corbin died as a result of injuries suffered
in the accident. Corbin pleaded guilty to the misdemeanor offenses of driving while intoxicated
and failing to keep to the right of the median. The issue before the Supreme Court was whether
subsequent charges growing out of the accident -- criminally negligent homicide and third degree
assault -- were the "same offenses" as the prior offenses for which Corbin had been convicted for
purposes of double jeopardy analysis. In a bill of particulars, the prosecution stated it would rely
on proof of the offenses of driving while intoxicated, veering across the median and driving forty
to fifty miles per hour in heavy rain to establish essential elements of the homicide and assault
offenses. Id. 110 S.Ct. at 2094. The court noted that the State had admitted it would prove the
entirety of the conduct for which Corbin was convicted. After concluding that the Double
Jeopardy Clause bars this successive prosecution, the Court stated:



This holding would not bar a subsequent prosecution on the homicide and assault
charges if the bill of particulars revealed that the State would not rely on proving
the conduct for which Corbin had already been convicted (i.e., if the State relied
solely on Corbin's driving too fast in heavy rain to establish recklessness or
negligence).



Grady, 110 S.Ct. at 2094.

 In State v. Marshall, 814 S.W.2d 789 (Tex. App. 1991, pet. ref'd), the defendant
was charged with the misdemeanor offense of driving while intoxicated (DWI) and failure to stop
and render aid (FSRA), a felony conviction, as the result of the defendant driving an automobile
that collided with a motorcycle. The issue before the court was whether the State was barred from
prosecuting the felony FSRA offense after the defendant had pleaded guilty to the offense of DWI. 
Utilizing the test enunciated in Grady, the court concluded:



The FSRA charge simply does not require the State to prove conduct constituting
an offense for which Marshall has been previously convicted. Although in the
FSRA case the State must prove some of the elements of the DWI conviction: that
Marshall was driving an automobile, that he struck the complainant, and that the
complainant was injured, these elemental facts alone do not constitute an offense
for which Marshall has been previously convicted. Unless the State is required to
prove every element of DWI, including Marshall's intoxication, as a prerequisite
to a conviction in the FSRA charge, the successive prosecutions are not for the
"same offense" as defined under the Double Jeopardy Clause's second guarantee.



Marshall, 814 S.W.2d at 796 (emphasis in original).

 In Jacobs v. State, 823 S.W.2d 749 (Tex. App. 1992, no pet.), the defendant was
arrested for and pleaded guilty to driving while intoxicated, enhanced by an allegation of serious
bodily injury to a passenger in the defendant's car. Subsequently, the passenger died and the
defendant was indicted for involuntary manslaughter. After the trial court denied the defendant's
plea of double jeopardy, the defendant, pursuant to a plea bargain, plead nolo contendere to
involuntary manslaughter. On appeal, the court denied the defendant's contention that the trial
court erred in overruling his plea of double jeopardy, stating:



Here, the State did not rely on the fact of appellant's intoxication in order to
establish his guilt of involuntary manslaughter. Instead, the State alleged that
appellant recklessly caused the victim's death while operating a motor vehicle by
failing to maintain a single lane of traffic and driving at an unsafe speed. Because
the information and indictment rely on different conduct for the two offenses, we
hold that double jeopardy did not bar the prosecution for involuntary
manslaughter.



Jacobs, 823 S.W.2d at 751 (emphasis added).

 In State v. Garcia, 810 S.W.2d 240 (Tex. App. 1991, no pet.), the defendant was
charged with running a red light and driving while intoxicated, both alleged offenses growing out
of the same occurrence. Prior to the prosecution for driving while intoxicated, the defendant was
convicted for the traffic-light violation. The trial court dismissed the driving while intoxicated
prosecution "due to a double jeopardy bar." Id. On appeal, the court found that the trial court
had not made the correct analysis under Grady:



The present ruling before us constitutes a misapplication of the rule in Grady. The
confusion no doubt arises from a failure to adequately discriminate between the
phrases "element of the offense" and "conduct that constitutes an offense." 
Appellee and the lower court have adopted a position that the phrases are
synonymous and identified the common element of Appellee's prior convictions
and the instant DWI prosecution as driving a vehicle. Driving a vehicle is an
element of each offense charged against the Appellee, as was the case in Grady,
but driving alone is not "conduct which constitutes an offense."



Garcia, 810 S.W.2d at 241 (emphasis in original).

 In Grady, the State was required to reprove every element of the offenses for which
Corbin had been convicted in order to establish the elements of criminally negligent homicide and
third degree assault. The Grady court found that the offenses for which Corbin had been
convicted constituted essential elements of the offenses.

 In the instant cause, failure to drive in a single marked lane is not an essential
element of the offense of driving while intoxicated. The charging instruments rely on different
elements for the two offenses. The fact that the State may offer evidence of appellee's failure to
drive in a single marked lane to establish probable cause does not elevate this conduct to an
element of the offense. To conclude otherwise constitutes "a failure to adequately discriminate
between the phrases `element of the offense' and `conduct that constitutes an offense.'" Garcia,
810 S.W.2d at 241. "[P]recedents hold that a mere overlap in proof between two prosecutions
does not establish a double jeopardy violation." United States v. Felix,     U.S.     (No. 90-1599,
March 25, 1992). The State's point of error is sustained.


 We reverse and remand to the trial court with instructions to vacate the dismissal
order.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Reversed and Remanded with Instructions

Filed: May 6, 1992

[Publish]


































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1. See U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14.