**The STATE of Texas, Appellant,**

v.

**John REMSING, Appellee.**

**No. 3-91-057-CR.**

Court of Appeals of Texas,
Austin.

May 6, 1992.

Rehearing Overruled June 3, 1992.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for State.

Randy T. Leavitt, Minton, Burton, Foster & Collins, Austin, for appellee.

Before CARROLL, C.J., and SMITH and DAVIS,* JJ.

DAVIS, Justice (Retired).

The State appeals the trial court's order granting appellee's pretrial plea of double

---

\* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (1988).

jeopardy.[1] In a single point of error, the State asserts that the trial court erred because the State will not rely upon conduct for which appellee has been convicted to establish an essential element of the offense of driving while intoxicated, second offense. *See* Tex.Rev.Civ.Stat.Ann. 6701*l*–1 (Supp.1992). We agree and reverse the trial court's order.

Austin police officer Richard Colbert stopped the vehicle appellee was driving on the night of September 5, 1990. After appellee failed field sobriety tests, Colbert arrested him for driving while intoxicated. The officer also issued appellee a traffic citation for failure to drive in a single marked lane. *See* Tex.Rev.Civ.Stat.Ann. art. 6701d, § 60(a) (1977). Prior to the pretrial hearing, appellee entered a plea of no contest to the offense of failure to operate a vehicle within a designated lane.

The constitutional prohibition against double jeopardy includes protection against a second prosecution for the same offense after conviction. *See Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264–65, 65 L.Ed.2d 228 (1980); *Ex parte Peterson,* 738 S.W.2d 688, 689 (Tex.Crim.App.1987). The resolution of this issue in this cause turns on whether the two offenses, under the complaint and information charging the violations, are the same offenses for a successive-prosecution, double-jeopardy analysis. The first step in our determination is the test set out in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

The complaint charging appellee with failure to drive in a single marked lane provides that appellee:

> [D]id drive and operate a motor vehicle on a public street therein situated which was then and there divided into two or more clearly marked lanes for vehicular traffic and did then and there fail to drive said motor vehicle as nearly as practical entirely within a single lane thereof.

The information charging appellee with driving while intoxicated provides in pertinent part that appellee:

> did then and there drive and operate a motor vehicle in a public place in Travis County, to-wit: a street and highway while intoxicated, when said defendant did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into the said defendant's body and defendant had an alcohol concentration of at least 0.10.

Each of the two offenses requires proof of a statutory element not required by the other. The offense for which appellee had been convicted required proof that he did not drive as nearly as practical within a single lane. The pending driving-while-intoxicated cause requires proof that appellee was intoxicated. Thus, because the two offenses each require proof of a different element, the *Blockburger* test is satisfied.

However, the United States Supreme Court held in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990), that a subsequent prosecution must do more than merely survive the *Blockburger* test. The court reasoned that a further examination must be made because the double jeopardy clause bars a prosecution where the government, "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 110 S.Ct. at 2093. The court then stated that the analysis requires a determination of "conduct" the State will prove, "not the evidence the State will use to prove that conduct.... [T]he presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." *Grady,* 110 S.Ct. at 2093. In a recent opinion, *United States v. Felix,*

---

**1.** *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14.

—— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), the Supreme Court stated that it would be an "extravagant reading of *Grady*" that a "mere overlap in proof between two prosecutions" establishes a double jeopardy violation.

In *Grady*, the driver of the car hit by Corbin died as a result of injuries suffered in the accident. Corbin pleaded guilty to the misdemeanor offenses of driving while intoxicated and failing to keep to the right of the median. The issue before the Supreme Court was whether subsequent charges growing out of the accident—criminally negligent homicide and third degree assault—were the "same offenses" as the prior offenses for which Corbin had been convicted for purposes of double jeopardy analysis. In a bill of particulars, the prosecution stated it would rely on proof of the offenses of driving while intoxicated, veering across the median and driving forty to fifty miles per hour in heavy rain *to establish essential elements of the homicide and assault offenses. Id.* 110 S.Ct. at 2094. The court noted that the State had admitted it would prove the entirety of the conduct for which Corbin was convicted. After concluding that the Double Jeopardy Clause bars this successive prosecution, the Court stated:

> This holding would not bar a subsequent prosecution on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (*i.e.,* if the State relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence).

*Grady,* 110 S.Ct. at 2094.

In *State v. Marshall,* 814 S.W.2d 789 (Tex.App.1991, pet. ref'd), the defendant was charged with the misdemeanor offense of driving while intoxicated (DWI) and failure to stop and render aid (FSRA), a felony conviction, as the result of the defendant driving an automobile that collided with a motorcycle. The issue before the court was whether the State was barred from prosecuting the felony FSRA offense after

the defendant had pleaded guilty to the offense of DWI. Utilizing the test enunciated in *Grady,* the court concluded:

> The FSRA charge simply does not require the State to prove conduct constituting an *offense* for which Marshall has been previously convicted. Although in the FSRA case the State must prove some of the elements of the DWI conviction: that Marshall was driving an automobile, that he struck the complainant, and that the complainant was injured, these elemental facts alone do not *constitute an offense for which Marshall has been previously convicted.* Unless the State is required to prove every element of DWI, including Marshall's intoxication, as a prerequisite to a conviction in the FSRA charge, the successive prosecutions are not for the "same offense" as defined under the Double Jeopardy Clause's second guarantee.

*Marshall,* 814 S.W.2d at 796 (emphasis in original).

In *Jacobs v. State,* 823 S.W.2d 749 (Tex. App.1992, no pet.), the defendant was arrested for and pleaded guilty to driving while intoxicated, enhanced by an allegation of serious bodily injury to a passenger in the defendant's car. Subsequently, the passenger died and the defendant was indicted for involuntary manslaughter. After the trial court denied the defendant's plea of double jeopardy, the defendant, pursuant to a plea bargain, plead *nolo contendere* to involuntary manslaughter. On appeal, the court denied the defendant's contention that the trial court erred in overruling his plea of double jeopardy, stating:

> Here, the State did not rely on the fact of appellant's intoxication in order to establish his guilt of involuntary manslaughter. Instead, the State alleged that appellant recklessly caused the victim's death while operating a motor vehicle by failing to maintain a single lane of traffic and driving at an unsafe speed. *Because the information and indictment rely on different conduct for the two offenses, we hold that double jeopardy did not bar the prosecution for involuntary manslaughter.*

*Jacobs,* 823 S.W.2d at 751 (emphasis added).

In *State v. Garcia,* 810 S.W.2d 240 (Tex. App.1991, no pet.), the defendant was charged with running a red light and driving while intoxicated, both alleged offenses growing out of the same occurrence. Prior to the prosecution for driving while intoxicated, the defendant was convicted for the traffic-light violation. The trial court dismissed the driving while intoxicated prosecution "due to a double jeopardy bar." *Id.* On appeal, the court found that the trial court had not made the correct analysis under *Grady:*

> The present ruling before us constitutes a misapplication of the rule in *Grady.* The confusion no doubt arises from a failure to adequately discriminate between the phrases "element of the offense" and "conduct that constitutes an offense." Appellee and the lower court have adopted a position that the phrases are synonymous and identified the common element of Appellee's prior convictions and the instant DWI prosecution as *driving a vehicle.* Driving a vehicle is an element of each offense charged against the Appellee, as was the case in *Grady,* but driving *alone* is not "conduct which constitutes an offense."

*Garcia,* 810 S.W.2d at 241 (emphasis in original).

In *Grady,* the State was required to re-prove every element of the offenses for which Corbin had been convicted in order to establish the elements of criminally negligent homicide and third degree assault. The *Grady* court found that the offenses for which Corbin had been convicted constituted *essential elements* of the offenses.

In the instant cause, failure to drive in a single marked lane is not an essential element of the offense of driving while intoxicated. The charging instruments rely on different elements for the two offenses. The fact that the State may offer evidence of appellee's failure to drive in a single marked lane to establish probable cause does not elevate this conduct to an element of the offense. To conclude otherwise constitutes "a failure to adequately discrimi-

nate between the phrases 'element of the offense' and 'conduct that constitutes an offense.'" *Garcia,* 810 S.W.2d at 241. "[P]recedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). The State's point of error is sustained.

We reverse and remand to the trial court with instructions to vacate the dismissal order.