In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00030-CR


______________________________




DONALD EPHRAIM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 33502-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 This is an appeal by Donald Ephraim of his conviction of intoxication assault (1) after a plea
of guilty and the assessment of a penalty of confinement for four years. The sole point of error raised
by Ephraim is a claim of double jeopardy.

 On April 17, 2005, Ephraim was the driver of an automobile involved in a one-vehicle
accident wherein the vehicle left the roadway, struck a culvert, and overturned. There were two
passengers in the automobile with Ephraim at the time of the accident, both of whom were injured.
In addition to the intoxication assault charge, Ephraim was also charged with operating the vehicle
at an unsafe speed. (2) Prior to trial on the intoxication assault charge, Ephraim entered a guilty plea
to the unsafe speed violation, was found guilty, and was assessed a fine for the violation. Ephraim
has asserted that a prosecution of the intoxication assault charge after his having been convicted of
driving at an unsafe speed constitutes subjecting him to double jeopardy. 

 Both Amendment V to the United States Constitution and Article I, Section 14 of the Texas
Constitution provide protection against being "twice put in jeopardy" for "the same offense" (spelled
"offence" in the United States Constitution). U.S. Const. amend. V; Tex. Const. art. I, § 14. 
Ephraim cites only the proscription against double jeopardy as contained in the United States
Constitution, correctly pointing out that this constitutional protection applies to actions by the
various states. Benton v. Maryland, 395 U.S. 784, 795-96 (1969).

 Ephraim maintains that the unsafe speed charge implicates no conduct not alleged within the
indictment for intoxication assault, specifically making the observation that the investigating officer's
accident report mentions only "unsafe speed" and "intoxication" as being factors in the conditions
contributing to the accident. 

 The test of whether two offenses constitute the same crime was announced by the United
States Supreme Court some seventy-five years ago in Blockburger v. United States, 284 U.S. 299,
304 (1932), in stating, "The applicable rule is that where the same act or transaction constitutes a
violation of two distinct statutory provisions, the test to be applied to determine whether there are
two offenses or only one, is whether each provision requires proof of a fact which the other does
not." This is commonly called the "same elements" test. 

 For a time, the United States Supreme Court diverged from that test and announced that:

 [A] subsequent prosecution must do more than merely survive the Blockburger
test . . . .  [T]he Double Jeopardy Clause bars any subsequent prosecution in which
the government, to establish an essential element of the offense charged in that
prosecution, will prove conduct that constitutes an offense for which the defendant
has already been prosecuted. This is not an "actual evidence" or "same evidence"
test. The critical inquiry is what conduct the State will prove, not the evidence the
State will use to prove that conduct.


Grady v. Corbin, 495 U.S. 508, 521 (1990) (footnotes omitted) (emphasis added).

 However, after this newer standard posed great confusion and consternation, the Supreme
Court overruled Corbin and reinstated the simpler and more straightforward "same elements" test
set out in Blockburger. United States v. Dixon, 509 U.S. 688, 704 (1993). For the purpose of
determining whether double jeopardy applies, two offenses are considered the same if one of the
offenses contains all the elements of the other; they are not the same if each offense has a unique
element. See Wilson v. State, No. 01-06-00673-CR, 2007 Tex. App. LEXIS 6184 (Tex.
App.--Houston [1st Dist.] Aug. 2, 2007, pet. filed); see also Ortega v. State, 171 S.W.3d 895, 899
(Tex. Crim. App. 2005). The applicable rule is that where the same act or transaction constitutes a
violation of two distinct statutory provisions, the test to be applied to determine whether there are
two offenses or only one is whether each provision requires proof of an additional fact which the
other does not. State v. Remsing, 829 S.W.2d 400 (Tex. App.--Austin 1992, pet. ref'd). (3)

 The elements of the "unsafe speed" charge to which Ephraim pled guilty are (1) the operator
of an automobile (2) drove the vehicle at a speed (3) which was greater than was reasonable and
prudent (4) under the circumstances then existing. See Tex. Transp. Code Ann. § 545.35(a).

 Contrasting with that, in order to prove an "intoxication assault" charge, the State must prove
the following elements: (1) a person (2) while driving a motor vehicle (3) in a public place (4) while
intoxicated (5) by reason of his intoxication (6) through an accident or a mistake (7) causes serious
bodily injury to another person. Tex. Penal Code Ann. § 49.07. 

 As can be seen, there are some common elements between the two offenses. However, under
the unsafe speed charge, there is no necessity to prove bodily injury to another, intoxication by the
driver, or that intoxication was the reason which precipitated the accident or mistake. In the
intoxication assault charge, there was no necessity to show that the offender used a more excessive
speed than was reasonable and prudent under the circumstances.

 Applying the Blockburger "same elements" test set out above, we determine that a sufficient
difference between the two charges exists that Ephraim has not been subjected to the proscribed
double jeopardy.

 We affirm the judgment.




 Bailey C. Moseley

 Justice


Date Submitted: October 22, 2007

Date Decided: October 24, 2007


Publish
1. See Tex. Penal Code Ann. § 49.07 (Vernon 2003). 
2. See Tex. Transp. Code Ann. § 545.351(a) (Vernon 1999).
3. Before 1982, Texas was alone in its interpretation of the double jeopardy prohibition,
following what was called the doctrine of carving. Under it, the State could carve only one
prosecution out of one "transaction" giving rise to the offense. That interpretation was overruled and
abandoned in Ex parte McWilliams, 634 S.W.2d 815 (Tex. Crim. App. 1982), which contains a
detailed discussion of the various elements of the doctrine of carving and the rationale for having
abandoned it. 



="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00210-CR

                                                ______________________________

 

 

                              BRIAN CHADWICK MARTIN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 1122186

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Brian
Chadwick Martin has filed a notice of appeal. 
We have now received the certification of Martins right of appeal as
required by Tex. R. App. P.
25.2.  That certification states that
Martin waived his right of appeal.

            Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.  See Tex.
R. App. P. 25.2(d).  Because the
trial courts certification affirmatively shows that Martin has waived his
right of appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

            Martin has
also filed a motion to dismiss his appeal. 
The motion is signed by Martin and by his counsel in compliance with
Rule 42.2(a) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.2(a).  As authorized by Rule 42.2, we grant the
motion.  See Tex. R. App. P. 42.2.

            We
dismiss the appeal.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          January
4, 2012

Date Decided:        January 5, 2012                 

 

Do Not Publish